### J. M. Buford v. The State.

</div>

CHANGE OF VENUE.—An application for change of venue on the ground of combination and prejudice, made and supported in the terms of the statute by affidavits, cannot be defeated by counter affidavits unless they show that the statements contained in the application are not true. Counter affidavits which state that affiants for defendant were "new men," and rarely seen, cannot avail, and a written statement of the district attorney, resisting the application and not sworn to, should be disregarded without reference to its contents.

APPEAL from San Saba. Tried below before the Hon. E. B. Turner.

*Long & Long,* for appellant.

*A. J. Peeler, Assistant Attorney General,* for the State.

DEVINE, ASSOCIATE JUSTICE.—The appellant was indicted in the county of San Saba, charged with having unlawfully, fraudulently, and feloniously, in said county and in the county of McCullough, on the 20th day of March, 1875, altered the brand on a certain animal of the neat cattle species, described in the indictment, and as being the property of Daniel Wills. The defendant was convicted of the offense charged, and assigns as the errors of the court—1st. The overruling his motion for a change of venue from San Saba county. 2d. The charge of the judge to the jury, and (3d,) the refusal of the court to grant him a new trial.

The appellant, on the calling of this cause for trial, presented with his motion for a change of venue an affidavit for that purpose in substantial compliance with the law on this subject. He likewise presented, in support of his motion and affidavit, the affidavits of three citizens of McCullough county, which county the affidavit stated was attached to San Saba county for judicial purposes.

In this appellant had fully complied with the law regulating and requiring a change of venue for the causes assigned in defendant's affidavit, and the only question presented is, Did the court err in overruling the defendant's motion for a change of venue from San Saba county, or did the counter affidavits and statement on the part of the State authorize the overruling of the motion? We are of the opinion it did not, and that the exception to the overruling defendant's motion was well taken, and that the court erred in overruling appellant's motion for a change of venue. The counter affidavit of W. R. Doran, sheriff of San Saba county, stated that he has known T. B. and S. E. Wilkerson, two of the parties to the affidavit for a change of venue, about one year; that until they moved into McCullough county they resided in Lampasas county, about twelve miles from the town of San Saba; had seen them once or twice a month in the town of San Saba; they

now reside in McCullough county.   J. M. Alston's affidavit states that he "is acquainted with T. B. and S. E. Wilkerson; that they have heretofore resided in the county of Lampasas, Texas, until on or about the last of November, A. D. 1874."   F. M. Miller stated in his affidavit that he has resided in McCullough county for more than fourteen years; that he has not known T. J. Watts, one of the three parties to the affidavit for a change of venue, until the last ten days, and does not know that said Watts resides in McCullough county; has known T. B. and S. E. Wilkerson about six weeks, and they reside in McCullough county, about forty miles from the town of San Saba.

The district attorney presented to the court a written statement resisting the application of defendant, on the ground that it and the affidavits in support of the motion were not sufficient in law for the following reasons, to wit: "Because the persons whose affidavits defendant presents to show the existence of prejudice against defendant in San Saba county are obscure persons, and live so remote from the county of San Saba * * * that they are not and cannot be acquainted with the state of the public mind, or could not and do not know that any prejudice exists in San Saba county against defendant, because said affiants, T. J. Watts, T. B. and S. E. Wilkerson, have never resided in San Saba county, and are not citizens or residents of the same; * * * because said affiants are not credible persons, and are not entitled to belief."

This motion contained an additional statement signed by the district attorney that he had practiced law in San Saba county eighteen years; was well acquainted with the old citizens and those who generally act as jurors, and that he was not acquainted with the affiants in the application; that to him they were new men; that he had not learned of any prejudice against defendant, and did not hear that any existed against defendant until the motion for a change of venue was made.

The motion and statement of the district attorney are
not to be considered in the light of an affidavit in the
cause; they can only be considered as the statements con-
tained in any other motion made in a cause resting for
consideration upon matters of law, or matters of fact given
in under the sanctions of an oath, or the admissions or acts
of the adverse party.   Tested, however, by the law on this
subject they are not sufficient in statement to authorize the
court in overruling the application for a change of venue.
1st.  There is no positive denial of the prejudice existing
against defendant which would prevent his obtaining a
fair and impartial trial; neither is it denied that there is a
dangerous combination against him instigated by influen-
tial persons, by reason of which defendant cannot expect a
fair trial, as stated in defendant's motion.   The statement
that the witnesses are obscure persons, living remote from
San Saba, and so great a distance from the same that they
cannot be acquainted with the state of the public mind, is
to be considered in the light of an argument, and nothing
more.   Neither is the statement that affiants are not citi-
zens of the county sufficient; the statement of their being
obscure persons amounts to but little; it is not necessary
that they should be citizens of San Saba.   McCullough
being attached for judicial purposes, the citizens of the
territory designated as "McCullough county" are, for all
purposes in judicial proceedings had in San Saba, to be
taken and held as citizens of the last-named county.   There
is not a word of evidence tending to show that affiants are
not as credible persons and worthy of belief as any of the
affiants for the State or the witnesses who testified on the
trial.

When we refer to the counter affidavits on behalf of the
State we find nothing in the light of a denial of the pre-
judice existing, or dangerous combination formed by
influential persons, as sworn to by defendant and the Wil-
kersons and T. J. Watts.   The counter affidavits, as already

recited, show nothing more than the past or present residence, and the slight knowledge of, or acquaintance with, the affiants appearing on behalf of the State with those who gave their affidavits in support of appellant's application for a change of venue; there were legitimate evidences as far as they tend to controvert appellant's affidavits; they are, however, clearly not sufficient. The statement attached to the motion for the State, that the district attorney in his visits to San Saba had not in eighteen years met affiants, that they were new men, and that he had not heard of any prejudice existing, and did not believe that any existed against defendant, and did not hear of any until the motion for a change of venue was made, is not to be considered as an affidavit, it not being sworn to; hence there is nothing contradicting the main facts contained in the sworn statement of appellant and the others in support of his motion for a change of venue.

In the case of Rankin Wingfield *v.* The State, decided at the last term of this court, it was held that the statements or affidavits, on behalf of a change of venue, could be controverted, and, in that case, it was held that the counter affidavits presented for the State showed that defendant's affidavits were not true, and the overruling the defendant's motion for a change of venue was not error. In this case there is no evidence that contradicts the main facts. In the case of Walker *v.* The State, decided at the late Galveston term, the State presented a large number of counter affidavits, denying the existence of any prejudice, &c., &c., and stating they knew of none existing. These affidavits were made by resident citizens of the county. The judgment of the court below was reversed, this court holding that the counter affidavits were not of that kind to authorize the refusal to grant a change of venue.

A wide discretion is vested in the district judge in his action on a motion for a change of venue; that discretion

has its limits, and when the accused has complied with the law, it requires substantial evidence to the contrary to authorize a refusal of that right, expressly authorized by the Constitution and the Code of Criminal Procedure. We are further of the opinion that the court should have sustained appellant's motion for a new trial. The evidence failed to prove the prisoner's guilt. He was not shown to be the owner of any stock in what was called or known as "the spur brand;" he was not shown to be the claimant, or of ever having such a brand in his possession; no control or pretense of ownership by him, or other persons acting for him, was shown to have existed at any time over the animals found in this brand and the ear-mark described in the judgment. The only evidence against the accused was one witness who stated that in a conversation with him, defendant had first denied and then admitted that he had put "the spur brand" on cattle. With the exception of this statement, there is no one fact existing to connect the accused with this brand; his guilt is found on the imperfectly remembered and loosely stated conversation of a supposed friend, who stated to the accused, "I then told him what I had heard in San Saba, that Fiveash had told Dofflemyre that he, Fiveash, had seen Davlin and defendant, and two other men by the name of Watts  *  *  rounding cattle up, and putting 'the spur brand' upon them." Under all the evidence in this case the judge should have granted appellant a new trial.

The judgment is reversed and the cause is remanded.

REVERSED AND REMANDED.