## NELSON MITCHELL v. THE STATE.

1. CHANGE OF VENUE.—It is not error to overrule a motion for change of venue where the statute has not been complied with and where no injustice appears to have been done the defendant.

2. PRACTICE IMPANELING JURY.—It is not error to allow the district attorney to withdraw his acceptance of a juror for grounds discovered since taking the juror and before the jury is complete, and which disqualify the juror.

3. SAME.—It is proper in a capital case to require the parties to pass upon each juror as called.

4. CALLING CASES IN THEIR ORDER.—This rule does not obtain when a case has been set for a day certain and a special *venire* ordered for that day.

5. CHALLENGE TO THE ARRAY.—It is not a cause of challenge to the array that some jurors of a large *venire* are incompetent, there being no other evidence of unfairness on the part of the officer summoning the *venire*.

APPEAL from Hood. Tried below before the Hon. A. J. Hood.

During the March term, 1874, of the District Court of Hood county, on 28th March, and after the grand jury had been discharged, N. Mitchell and others, called the Mitchell party, pursued from the county seat and assaulted Isaac Truitt and his two brothers, and succeeded in killing two of the Truitt brothers. The district judge ordered the reassembling of the grand jury, and on 31st March they presented an indictment against Nelson Mitchell, W. J. Owens, William Mitchell, M. Graves, D. A. Shaw, and Jefferson Mitchell, for the murder of Isaac Truitt and Samuel Truitt.

Exceptions were urged to the indictment because of the reassembling of the grand jury after they were discharged for the term. The exceptions were overruled.

Nelson Mitchell and Owens filed an affidavit alleging the existence of so great prejudice in the county against them as to prevent a fair trial, but that persons could not be induced to make affidavit of the existence of such prejudice; asking process for certain persons, residents of the county, who affiants believed would testify to the existence of such prejudice; asking a change of venue.

The court had the persons named in the affidavit brought before the court, and they testified (as the record states) "that defendants could have a fair and impartial trial in Hood county, and that there was no prejudice or combination in Hood county against defendant Nelson Mitchell," upon which examination the court refused to change the venue.

The cause was called for trial on Thursday of the second week of the November term, 1874, whereupon the defendant objected to the action of the court in calling the cause out of its regular order on the docket, there being other cases undisposed of before it. The court on the first day of the term had ordered a *venire* in the case for sixty jurors

33

returnable on the second Thursday of the term, and the defendant had been served with a copy of the *venire* six days before the case was called. The court overruled the objection and proceeded with the trial.

The defendant thereupon moved to quash the *venire*, because eight of the jurors summoned had been on a *venire* summoned at a previous term of the court to try D. A. Shaw, jointly indicted with defendant, which motion was overruled.

When the first name upon the *venire* of sixty men was called, and after the juror had qualified himself as a competent juror and the State had accepted him, and the juror was turned over to the defendant, the defendant at the time refused to pass upon the juror, because the State had not accepted and tendered him a full panel of twelve jurors. This objection the court overruled and compelled defendant to pass upon the juror.

After four jurors had been selected of the said venire and there being fifty untried, the court adjourned until one o'clock p. m., and on the meeting of the court the district attorney presented the affidavit of one Fletcher Ford, that in July preceding he had heard L. W. Murray, one of the four jurors who had been accepted, say that he "wanted to get upon the jury to try Nelson Mitchell; that he was guilty, and that he (Murray) wanted to hang him." Whereupon the court, the defendant and his counsel being present, announced that the juror would be set aside without prejudice to either party should the parties assent.

To this the district attorney agreed, but the defendant would not consent. Thereupon the court permitted the district attorney to withdraw his acceptance of Murray as a juror and challenge him on the part of the State, thus leaving three jurors instead of four; and the call of the jurors upon the *venire* proceeded: to all which the defendant excepted.

The defendant objected to the exhibition in evidence of the clothing worn by the murdered men when killed.

The facts are substantially as given in the case of Shaw *v.* The State, *supra.*

The jury returned a verdict of murder in the first degree, fixing the penalty at death.

Motions in arrest of judgment and for new trial were overruled, and defendant appealed.

No brief for appellant.

*A. J. Peeler, Assistant Attorney General,* for the State.

MOORE, ASSOCIATE JUSTICE.—Most of the questions presented for our consideration by this record have been fully examined and determined by the court in the case of Shaw *v.* The State, which was decided at an earlier day of the present term. It is unnecessary, therefore, for us to discuss them again. There are, however, a few points presented in this case, which were not in that case, upon which it is proper that we shall express our views.

1. It is said the court erred in refusing to change the venue. If appellant has the slightest grounds for complaint of the action of the court on this account it is not shown. Whether required to do so or not, the court called before it and examined the persons suggested by appellant in his motion to ascertain whether there was such prejudice against him in the county of Hood, where the case was pending, as to prevent him from having a fair and impartial trial. On hearing the testimony thus elicited the court refused to change the venue. The evidence upon which this ruling was made not being before us, we must presume that it was correct.

2. We can see no ground for appellant to complain of the action of the court permitting the district attorney to withdraw his acceptance of the juror, and standing him aside on a peremptory challenge by the State, who was

shown to have expressed a design to get upon the jury so as to convict appellant and impose upon him the penalty of death. The facts alleged in the affidavit impeaching his qualification and fitness as a juror in the case were neither explained nor denied. Under the circumstances disclosed in the record it was not only within the discretion of the court, but it was its duty, to have purged the jury, not then completed and finally accepted, by standing aside a party who by his own admissions was shown to be disqualified and wholly unfit to be a member of it, and who must have gotten upon the jury through perjury to accomplish a sinister purpose of some kind. Whether the statement made before his selection as a juror was a candid expression of his opinions and wishes, or let his purpose in making them have been what they may, they show beyond all question that he was unfit to sit as a juror in the case, and it was due to the defendant as well as to the proper administration of the law that he should have been removed from the jury. The court was not bound to suffer the case to proceed after being informed of a fact from which it was evident, if the jury was organized without excluding from it this objectionable party, his presence would taint any verdict which might be returned. And if the verdict should be in favor of the State, it would be its duty to grant a new trial. No injury is shown to have resulted to appellant from the action of the court. He is not shown to have exhausted his challenges, nor does it appear that the jury was not completed from the original *venire*.

3. The court did not err in its requiring the jurors to be passed upon and accepted or rejected as they were called. (See Horbach v. The State, *supra*, 245.)

4. The action of the court touching the competency of DuVall as a juror, assigned as one of the grounds for a new trial, is not shown by the record. It needs, therefore, no comment.

5. Appellant has no ground to complain because of the

calling of his case out of the order in which it stood upon the docket. In cases such as this, it is the duty of the court to cause a special *venire* to issue for summoning not less than thirty-six nor more than sixty persons from whom the jury is to be chosen. (Paschal's Dig., art. 3016.) This necessitates the fixing a particular day for the return of a *venire*, and the trial of the case. And it is right and proper that the case should be taken up on the day thus fixed for its trial, whether it has been then reached upon the regular call of the docket or not.

6. The motion to quash the *venire* was properly over-ruled. The objection to it went at most merely to their competency as jurors of some of the parties summoned. If the *venire* could be quashed on this ground, it would be extraordinary to find one free from objection. An objection of this kind may no doubt be addressed to the discretion of the court. And should so large a number of dis-qualified parties be returned upon the *venire* as probably to deprive the defendant of the opportunity of selecting a fair and impartial jury the court, in the exercise of its discretion might and would, no doubt, on motion of the defendant, quash it and cause a new *venire* to be issued. In the absence of anything in the record showing the contrary, we must presume the action of the court overruling the motion was correct.

We have endeavored to give all questions brought before us by this record that patient and thorough examination which the nature of the case and serious result which our action on it must induce. But after doing this we are forced by a solemn sense of official duty to the conclusion that there is no error disclosed in the record which would warrant a reversal of the judgment.

The judgment is affirmed.

AFFIRMED.