## HENRY BUIE *v*. THE STATE.

1. CHANGE OF VENUE.—It is no longer an open question that, on an application for a change of venue on account of prejudice, the court may hear counter-affidavits, and may examine the defendant's affiants touching their means of knowledge of the matters alleged in their affidavits.

2. CONTINUANCE.—An application for a continuance for want of a witness must show what was done with the process issued for the witness. If the witness resided in the county, it should be shown that the process was lodged with the proper officer; if out of the county, that it was duly and in good time forwarded to the proper officer; and, in either case, if the process has been returned, it should be exhibited as part of the application, or at least the return should be set out.

3. SAME.—Nor is it sufficient in such applications to state that the residence of the absent witness was not ascertained until "two or three days ago," when affiant learned it was in a distant county. The efforts made to ascertain the witness' residence should be shown, and that, when learned, its distance from the place of trial was so great that it was improbable, if not impossible, that process could be served in time and the attendance of the witness obtained.

4. SAME.—Diligence is not shown by the statement that affiant "ordered a subpœna" for his absent witness.

5. SAME.—See the opinion of the court at length, respecting the diligence requisite in a showing for a continuance on account of an absent witness.

6. JURY.—The accused neither challenged the array of the jury nor any particular jurors, but accepted the jury as summoned to try his case. After verdict against him, however, he moved for a new trial on several grounds, impeaching the qualifications of the jurors. *Held,* that by accepting the jury he waived any right he may have had to impeach its organization, and could not do so in his motion for a new trial.

7. NEW TRIAL.—The only grounds for a new trial in a felony case are those enumerated in Article 3137, Paschal's Digest.

APPEAL from the Criminal Court of the city of Bonham. Tried below before the Hon. JAMES Q. CHENOWITH.

The appellant was indicted and found guilty of an assault with intent to murder, and his punishment was assessed at three years in the penitentiary.

The grounds of his appeal are fully disclosed in the opinion of the court.

*E. S. Chambers* and *R. H. Taylor,* for the appellant.

*H. H. Boone,* Attorney General, for the State.

WHITE, J.    Three propositions are presented as error by the appellant, viz. :

1st. The action of the court with reference to the application for a change of venue.

2d. The action of the court in overruling defendant's application for a continuance.

3d. Objections to the jury which tried the case.

1st. The motion and affidavit of defendant for a change of venue were in strict conformity with the requirements of the statute. Pasc. Dig., Art. 2994. This motion was supported by the affidavit of two parties, positively affirming the existence of so great a prejudice in Fannin county that he could not obtain a fair and impartial trial ; and by the affidavit of a third party, who states that he believes, from the information he has received, and from conversation

with citizens in the county, that such prejudice exists against defendant that he cannot obtain a fair and impartial trial.

The prosecution produced the counter-affidavits of twenty-seven persons, who swear that they are acquainted with the public sentiment in Fannin county in regard to the trial of defendant, and they explicitly deny and controvert the existence of the grounds set up in defendant's motion.

The court, not being satisfied with the truth of the matters deposed to in support of defendant's motion, had the affiants each sworn and examined touching their means of knowledge with regard to the facts stated in their affidavits. This was done over objections by defendant. The correctness of this action of the court is no longer of doubtful or questionable propriety in this state. *Cotton* v. *The State,* 32 Texas, 614; *Rowland* v. *The State,* 35 Texas, 487; *Barnes* v. *The State,* 36 Texas, 639; *Winkfield* v. *The State,* 41 Texas, 148; *Crow* v. *The State,* 41 Texas, 468; *Walker* v. *The State,* 42 Texas, 360; *Buford* v. *The State,* 43 Texas, 415; *Mitchell* v. *The State,* 43 Texas, 512.

By examination of the affiants as to their means and the extent of their knowledge, it was made substantially to appear that affiant Dixon lived about four miles south of Bonham; that his opinion was based on the fact that he had talked with ten or twelve men, principally in his neighborhood, and from what they said he drew his conclusion. The affiant Cotham lived four or five miles south of Bonham, and he had talked with twenty-five or thirty men, generally from his portion of the county, and from their statements to him he believed defendant could not get a fair and impartial trial, owing to the prejudice against him. Affiant Runnells lived ten or eleven miles southeast of Bonham, in the Grittersville neighborhood, and had conversed with quite a number of persons in his part of the country, and he thought a very great prejudice existed against defendant, by reason

of which he could not have a fair and impartial trial. These three affiants, Dixon, Cotham, and Runnells, "all stated, in answer to questions of the court, that they had conversed with no one at all from the various sections of the county except in their own neighborhood, and knew nothing about the sentiment prevailing elsewhere."

Upon this testimony the court overruled the application for a change of venue. We cannot perceive that the court committed any error in thus ruling when we test the facts in the case, as above detailed, with the governing rules and principles discussed and settled in the cases of *Winkfield* v. *The State*, 41 Texas, 148, and *Walker* v. *The State*, 42 Texas, 360.

The persons making the counter-affidavits asserted positively and unequivocally that they knew the public sentiment of the county with regard to the trial, and that it was not true, as stated by the defendant, that he could not get a fair and impartial trial in the county.

2d. The 2d ground complained of as error was the overruling of defendant's application for a continuance. The application was defective, and the court did not err in overruling it. It is not sufficiently shown in the motion that defendant used the diligence required by law. As to the witness Kennedy, it is stated in defendant's affidavit "that previous to the last term of this court he had an attachment for said Kennedy, who was not found by the sheriff of Comanche county, the place of his last known residence; that he had never been able to ascertain his residence until two or three days ago, and ascertained that said Kennedy resides in Bell county."

It has been repeatedly decided by this and the supreme court that it must be shown what was done with the process obtained for a witness; that it should be made to appear that it was placed in the hands of the proper officer if the witness resided in the county; and if he resided out of the

county, then that it was forwarded, and how and when, to the proper officer there. And in either case, if a return of the process has been made by the officer, that fact and the character of the return should also be shown. The better practice, in order to establish such diligence beyond controversy, and certainly the most satisfactory, would be to make the process itself, if returned, a part of the application, as an exhibit.

Now, for aught that appears in the above motion, it may be true that the attachment was issued, and it may be true that witness was not found by the sheriff of Comanche county, and still it may also be equally as true that defendant retained the attachment in his own possession after its issuance, and that the sheriff of Comanche county did not find the witness because he never had any process which required him to hunt him. See *Lewis Murray* v. *The State*, decided at the present term, and authorities there cited, *ante* p. 417.

With regard to the other portion of the application, so far as it concerns the witness Kennedy—viz., that affiant learned two or three days ago that witness resided in Bell county—the statement is too indefinite. It does not show that he used any efforts, and, if so, what, to ascertain the whereabouts of the witness' residence. And it should have shown, if such was the fact, that, after learning the residence of the witness, the distance between his residence and the place of trial was so great that it was improbable, if not impossible, to have secured service of the process and his attendance. For aught that appears, " two or three days " might have been amply sufficient, with the use of proper diligence, to have had the witness brought from his place of residence to the place of trial.

As to the witness John McDonald, who resided in Fannin county, and for whose absence the continuance is also sought, affiant states " it is his recollection he ordered a sub-

pœna for him." A defendant certainly has not exercised the diligence the law requires who simply contents himself with " ordering a subpœna," when he has the right, and it is his duty, to have it issued. If it had been issued and was lost or mislaid, or if there was any question as to its issuance, if the defendant himself or his counsel could not do so, certainly the clerk of the court, the sheriff, or his deputy, or some one of them, should have been able to have testified to the fact.

3d. The only remaining question is as to the jury which tried the case. The objection to the jury is presented for the first time in the motion for a new trial, as follows: "Because the persons impaneled to try him, and who did try him, were not the regular jury summoned for the term, and because none of the regular jury were first called or challenged; and because there is no authority, under the law, for him to be tried by any except the regular jury, unless the regular jury has been called and challenged."

The facts in relation to this objection are thus set out in the statement of facts: "It is agreed that the regular jury summoned for the week ending on the 18th day of March, the day on which the trial was had, had been discharged by the court on Thursday before, and that on the day previous to the trial the sheriff of the county, by order of the court, summoned a jury from among the qualified jurors of the county to try this cause, and none of the regular jury were summoned, and none impaneled or offered to be impaneled; that the defendant did not challenge the array nor exhaust his peremptory challenges, but declined to challenge."

The objection, in view of these facts, is not tenable. Defendant did not, it appears, challenge either the array or the particular jurors (Pasc. Dig., Arts. 3034, 3040), but accepted the jury as summoned. He, by this course, waived any rights he might have had, and cannot now be heard to complain. Nor could such an error, if such it was,

be reached by motion for a new trial. The only grounds for a new trial in a felony case are those enumerated in the statute. Pasc. Dig., Art. 3137. See, also, *Bowman* v. *The State*, 41 Texas, 417, and *Poley Reed* v. *The State*, decided by this court at the Austin term, 1876, *ante* p. 1.

The charge of the court presented the law of the case correctly, and certainly with great fairness to the defendant. The evidence was amply sufficient to sustain the verdict and judgment.

There being no error, the judgment of the court below is in all things affirmed.

*Affirmed.*