## LOONEY O'NEAL vs. THE STATE.

COURT OF APPEALS, TYLER TERM, 1883.

*Practice—Change of Venue.*—The statute requires that a motion for change of venue shall be supported by the affidavits of at least two credible persons resident in the county where the prosecution is instituted. This requirement is not met by the supporting affidavit of the defendant himself and one other person.

*Same.—Practice in the Court of Appeals.*—A change of venue is within the judicial discretion of the trial court, and this court will not revise the action of the court below in the absence of a showing of abuse of that discretion to the prejudice of the accused.

*Same—Continuance* is properly refused when there was a want of diligence in securing the attendance of the absent witness. See the opinion for a showing of diligence *held* insufficient.

*Same—Theft—Evidence.*—The establishment of a conspiracy between the defendant and other parties to perpetrate a theft and to sell the stolen property and divide the proceeds is a sufficient predicate for evidence against the defendant alone on his separate trial of the acts and declarations of his co-conspirators, even though such acts and declarations transpired in defendants absence and after the theft was completed, but before the sale of the property and division of the proceeds. See the opinion *in extenso* for an elaboration of the question.

*Same—Principal Offenders—Charge of the Court.*—When upon any principale of law involved the charge of the court is explicit and correct, it is not error to refuse special instructions however correct they may be in the abstract. See the statement of the case for charges of the court upon principal offenders, *held* correct wherefore special charges requested upon the subject were properly refused.

*Same—Principal Offenders and Accomplices Distinguished.*—In Cook vs. The State, 14 Ct. App 96, the distinction between principal offenders and accomplices is properly stated as follows :   "The acts constituting an accomplice are auxiliary only, all of which may be and are performed by him anterior and as inducments to the crime about to be committed; while the principal offender not only may perform some antecedent act in furtherance of the commission of the crime, but when it is actually committed is doing his part of the work assigned him in connection with the

plan and in furtherance of the common purpose, whether he be present when the main fact is accomplished or not."

Appeal from Erath County.

*Neill & Young* for the appellant.

*J. H. Burts*, Asistant Attorney General for the State.

STATEMENT.

The charges of the court referred to in the fifth head note read as follows :

"5th. The law is, gentlemen, that all persons are principal offenders who are guilty of acting together in the commission of an offense; and principals, whether jointly indicted or not, may be legally prosecuted and convicted as such, provided the evidence adduced against each clearly and satisfactorily establishes the guilt of each When an offense has been committed, to determine whether the persons charged with its commission are principals or not, the criterion is : Did the parties act together in the commission of the offense ? Was the act constituting such offense done in pursuance of a common intent, and a previously formed design, in which the minds of all of such parties united and concurred ? If so, then in law all are alike guilty, provided the offense was actually committed during the existence and in execution of the common design and intent of all, whether in point of fact all were bodily present or not on the ground when the offense actually took place.

"If, therefore, the cattle alleged in the indictment to have been stolen were actually taked by some person other than the defendant under circumstances constituting such taking theft, yet, if the defendant acted together with such person in such taking, as to constitute him a principal therein, within the meaning of the preceding instruction, he would be guilty, and if you so find from the evidence, and should further find from the evidence that said cattle were at the time of such taking the property of the alleged White, and that the same were so taken in the county and at or about the time laid in indictment, you will find the defendant guilty, and assess his punishment as before directed."

The motion for new trial raised the questions discussed in the opinion. The opinion of this court discloses the exceptions taken to parts of the evidence.

Opinion by Willson, J.

Defendant and two other parties were indicted jointly for the theft

of twenty-five head of cattle. He severed on the trial from his co-defendants, and was convicted, his punishment being assessed at three years confinement in the penitentiary.

There was no error in the action of the court in striking out and refusing to consider the defendant's application for a change of venue, because the application did not conform to the requirements of the statute. It was supported by the affidavit of but one other person than the defendant, whereas the statute requires the supporting affidavit of "at least two credible persons, residents of the county where the prosecution is instituted." Code Crim. Pro. Art. 678. Where the statute is not fully complied with, in all applications for a change of venue, the application is fatally defective, and the court is under no obligation to consider it. Mitchell vs. The State, 43 Texas 512. A change of venue is within the judicial discretion of the court, and on appeal, in the absence of a showing that this discretion has been abused to the prejudice of the defendant, this court will not revise the action of the court below. Clampitt vs The State, 9 Tex. Ct. App. 27. It has not been made to appear in this case that the court abused its discretion in ruling as it did upon the defendant's application for a change of venue, or that the defendant has thereby been prejudiced.

There was no error in overruling the defendant's application for a continuance. It showed upon its face a want of reasonable diligence on the part of the defendant, to obtain the testimony of his absent witness. An attachment for the witness was issued at the instance of defendant, to Palo Pinto county, on the 16th of April, 1883, which was returned on the 19th of April, 1883, by the sheriff of Palo Pinto county, "not found." It was not until the 8th day of May, that the case was called for trial and the application for continuance presented. It is therefore apparent that there was ample time after the return of the attachment, and before the case was reached for trial, for the defendant to have an *alias* attachment executed upon the witness in time to have him present at the trial, and no reason is shown why this was not done.

Upon the trial the state was permitted to prove, over the objections of the defendant, certain acts and declarations of other persons who were engaged with defendant in the commission of the theft. This testimony was objected to by defendant. 1st. Because a predicate which would authorize its admission had not been established; and

2nd. because the defendant was not present when the acts and declarations occcured, and because the same occurred after the completion of the theft.

It is quite apparent to our minds, from the evidence in the case, without considering the acts and declarations objected to, that the defendant and three other parties had conspired together to steal the cattle—not only to steal them, but to sell them and divide the proceeds of the sale among themselves. Such a conspiracy being satisfactorly proved to the trial judge, a sufficient predicate was laid to authorize and require him to admit in evidence against the defendant the acts and declarations of the co-conspirators. Nor do we think that these acts and declarations were inadmissible because they occurred after the completion of the theft. Upon this subject Mr. Wharton says . "In cases of crimes perpetrated by several persons, when once the combination or conspiracy is established, the act or declaration of one conspirator or accomplice in the prosecution of the enterprise, is considered the act or declaration of all, and therefore imputable to all. All are deemed to assent to, or command what is said or done by any one in furtherance of the common object. * * * Such conspiracy being proved (which is usually indirectly from circumstance,) the declaration of one co-conspirator, in furtherance of the common design, as long as the conspiracy continues, is admissible against his associates, though made in the absence of the latter." Whar. Cr. Ev. Sec. 698. Other authorities state the rule substantially as above quoted. 3 Greenl. Ev. Sec. 94; 1 Bish. Cr. Proc. Sec. 1248–1249. Mr. Bishop further says : "Where in larceny it was shown that the conspiracy extended as well to the dividing of the stolen goods as to the theft, what one did between the stealing and the dividing, was deemed good evidence against both." 2 Bish. Cr. Proc. Sec. 230. The author refers to Scott vs. The State, 30 Ala. 503, in support of the proposition quoted, and upon an examination of that case we find it to be a parallel case to the one now under consideration, and announces the doctrine stated by Mr. Bishop.

In Scott's case, the theft was committed by him and one West; the property stolen was a watch, and the circumstances indicated that the common design of Scott and West was not only to steal the watch, but extended to the sale of it, and a division of the proceeds of the sale. After the theft was complete, and the parties had sepa-

rated, West in passing a toll bridge, paid double toll, that is paid toll for himself and Scott, who was not present, but who came after West on the same road. This act of West was held to be competent evidence against Scott. In passing upon the question the court says : "Conceding that the payment of the double toll was made after West had done enough to authorize his conviction for the larceny of the watch, yet there is evidence which conduces strongly to show that it was made "while the conspiracy was pending, and in furtherance of the common design." The evidence justifies the conclusion that the conspiracy between West and the plaintiff in error was not confined to the mere felonious taking and carrying away of the watch, but extended to a division of the profits of the larceny, at a meeting to be had by them at another place as soon as convenient. Having given to their conspiracy that extent, neither of them, when indicted, has the right to call upon the court to diminish its extent for the purpose of relieving him from any of its consequences." We fully concur in the doctrine enunciated in the Scott case, and we think it is decisive of the question as presented in the case before us.

Here, as in the Scott case, it is evident that the conspiracy extended beyond the mere taking of the cattle. It embraced the purpose and design of a sale of the cattle, and a division of the proceeds of that sale among the conspirators. It was while this conspiracy was yet unaccomplished entirely, but, in so far as a sale and division of proceeds were contemplated by it, was still incomplete and pending, that the acts and declarations of defendant's co-conspirators, which are objected to as inadmissible evidence against him, transpired, and were occasioned in furtherance of the common design. We are of the opinion that the court did not err in admitting the testimony objected to by the defendant.

Exceptions are presented by the defendant to the charge of the court and to the action of the court in refusing special charges requested by defendant. It is urged that the charge as given to the jury did not correctly define a principal in a crime, and did not properly distinguish between a principal and an accomplice in crime, and that the special charges requested by the defendant corrected this error in the charge of the court, and should have been given. We are of the opinion that the charge of the court in this respect is in perfect accord with the decisions upon this subject, and was sufficiently full and explicit when considered with reference to the facts of the case.

Such being the case, it was not error to refuse the requested charges,notwithstanding their correctness perhaps as abstract propositions of law.

Counsel in their brief request us to plainly state the difference between a principal and an accomplice in crime, as defined in our code. We cannot do so more than has already been done by this court in the case of Cook vs. The State, decided at the last Austin term. We reproduce here what is said in that case upon the subject. "The proper distinction between the two characters of offenders is this : The acts constituting an accomplice are auxiliary only, all of which may be and are performed by him anterior and as inducements to the crime about to be committed; while the principal offender not only may perform some antecedent act in furtherance of the commission of the crime, but when it is actually committed, is doing his part of the work assigned him in connection with the plan, and in furtherance of the common purpose, whether he be present when the main fact is to be accomplished or not."

We find no error in the conviction, and the judgment is affirmed.

Affirmed.

Opinion delivered October 20th 1883.