WILLIAM SMITH v. THE STATE.

1. EVIDENCE—RAPE.—Where a child was too young to testify as a witness, it follows, as a necessary consequence, that any statement it may have made to others ought not to be admitted in evidence.

2. The action of a district judge in passing sentence on a defendant who has been found guilty of a felony, and ordering him to be conveyed to the penitentiary after his motions for new trial and in arrest of judgment had been overruled and notice of appeal given, is in plain violation of the law which suspends sentence after appeal until the decision of the Supreme Court has been received. (Pas. Dig., art. 3148.)

APPEAL from Fort Bend. Tried below before the Hon. L. Lindsay.

The age of the boy found guilty in this case of an assault with intent to commit a rape does not appear from the statement of facts. The age of the female child upon whom the assault was alleged to have been committed was less than four years.

The punishment of the defendant was assessed at three years' confinement in the State penitentiary. The defendant's motion for new trial was overruled on the 3d of July, 1874, and his motion in arrest of judgment on the 7th of the same month, when notice of appeal was given in open court. On the 7th of July the judgment of the court was entered on the verdict of guilty, and on the same day the following sentence was pronounced: "That the said William Smith be conveyed hence to the county jail, and there closely confined; and that, as soon as practicable

after the adjournment of this court, he be conveyed by the sheriff of Fort Bend county to Huntsville, and there be handed over to the proper officers, and undergo confinement therein at hard labor for the term of three years."

On the 13th day of July, 1874, the defendant applied to this court for a writ of *mandamus* to compel the district clerk of Fort Bend county to make out and forward to this court a transcript of the proceedings in this cause. He alleged, in his application for *mandamus*, that he was "a mere boy;" that after his conviction he had taken all legal steps to secure his appeal, stating them; that the district judge had announced that before defendant could appeal he must enter into recognizance in the sum of one thousand dollars; that he could not give the recognizance, and that the clerk had refused to make out and forward a transcript of the record. He prayed for a *mandamus*, and also for an injunction restraining the sheriff from conveying him to the penitentiary until after the determination of his appeal. The writ of *mandamus* was awarded by Chief Justice Roberts on the 13th July, A. D. 1874, and the sheriff ordered to retain the prisoner until further order. Among other things, the action of the court in permitting the mother of a little girl to detail her statements to the jury, after the court had ruled that the girl herself was not competent to testify, was assigned for error.

*W. L. Davidson*, for appellant.

*George Clark, Attorney General*, for the State.

Gould, Associate Justice.—The indictment charges the offense of assault with intent to rape, substantially in the language of the statute, (Pas. Dig., arts. 2156, 2184,) and was, we think, sufficient.

The record discloses that the injured party was a child in her fourth year at the time of the offense, (August 14,

1871,) and at the time of the trial in the seventh year of her age. It appears by the bill of exceptions that the court held that she was "too young to testify," and ordered her parents, after proving the injuries found on the person of the child at the time, to prove her statements made to them immediately after the occurrence, charging defendant with the act, and giving some of its details.

The law is believed to be settled, "that where a child is unfit to be sworn, it follows, as a necessary consequence, that any account of the transaction which it may have given to others ought not to be admitted." (1 Phillips on Ev., 5; 1 Russ. on Crimes, 695; 1 Chit. Crim. Law, 190; Starkie on Ev., 117; Regina *v*. Guttridges, 9 Cox & Payne, 471, (38 Eng. Com. Law, 188;) People *v*. McGee, 1 Denio, 24.)

There was error in admitting this testimony. The record shows that, after his motion for new trial and in arrest of judgment were overruled, defendant gave notice of appeal, but that the court nevertheless proceeded to pronounce sentence upon him, and ordered that he be conveyed to the penitentiary as soon as practicable after the adjournment of the court.

This was in plain violation of the law, which provides that, "in cases of felony, where an appeal is taken, sentence shall not be pronounced, but shall be suspended until the decision of the Supreme Court has been received." (Pas. Dig., art. 3148.)

The judgment is reversed and the case remanded.

REVERSED AND REMANDED.