## J. ETHERIDGE v. THE STATE.

1. JURY LAW. — With the exception of conscientious scruples about the infliction of capital punishment, which is applicable only in capital cases, the causes for the challenge of a particular juror are the same in all criminal cases.

2. SAME. — Though not enumerated in the Code among the causes for challenge, ignorance of the English language, or inability to speak and understand it, has always been held in this State to disqualify a juror in a criminal case. This results from the constitutional guaranty of a fair trial by due course of law.

3. EVIDENCE — PRACTICE. — When no objection was interposed to illegal evidence in the court below, its admission is not error on appeal.

APPEAL from the District Court of Bexar. Tried below before the Hon. G. H. NOONAN.

Appellant was tried and convicted of assault with intent to commit rape upon a girl under the age of ten years. The child had been sent by her mother on a message to a neighbor, who lived about half a mile distant. On her way back home she passed through woods near the residence of the defendant's parents, when, according to her evidence, she was assailed by him, thrown down, and so maltreated as to leave no doubt of his purpose. When he let her go, she ran home and told her mother, who at the trial was allowed, without objection, to state what her daughter told her. The girl herself was also a witness for the State. Her testimony was consistent with her statements to her mother, and she positively identified the defendant as the assailant. His father and mother testified in his behalf. According to them, though the latter was at the house and the former ploughing in the corn-field, the defendant was constantly in sight, and seen by both of them until noon or later, and could not, without their knowledge, have made the assault an hour or so prior to that time, as alleged by witnesses for the State.

*M. G. Anderson*, for the appellant.

*Thomas Ball*, Assistant Attorney-General, for the State.

WHITE, P. J.   Appellant was indicted, tried, convicted, and sentenced to the penitentiary for a period of two years, in the court below, for an assault with intent to rape one Kanegoda Aniol, under the age of ten years.

Challenges for cause to particular jurors are those enumerated in art. 636, Code of Criminal Procedure, and are applicable alike, with one exception, to all criminal cases. Art. 650.   Ignorance of or inability to speak and understand the English language, though not mentioned, has always been held a disqualification by virtue of the constitutional guaranties of a fair and impartial trial and one conducted by due course of the law of the land.   *Lyles* v. *The State*, 41 Texas, 172;  *Yanez* v. *The State*, 6 Texas Ct. App. 429. As shown by the judge's explanation to the bill of exceptions, the jurors were not liable to this objection, but " were natives of the State, spoke English, and seemed to have more intelligence than average jurors."

If objection had been urged to its admission, all that portion of the testimony of the mother of the injured child as to the statements and declarations of the child to her about the transaction would doubtless have been excluded. But no objection having been made by defendant, we do not feel authorized to pronounce its admission illegal. *Smith* v. *The State*, 41 Texas, 352.

With regard to the *alibi*, which is the only matter insisted upon in the brief of counsel in the case, we deem it only necessary to state that, in our opinion, the evidence of the defendant did not raise such an issue.   His witnesses directly and positively contradict themselves about his movements and conduct during the time covering the transaction, and it is too palpable, from their statements, that each was endeavoring to manufacture a tale to suit their ideas of the necessities of the occasion, to require of us a moment's consideration of the pretended *alibi*.   If we are

to consider it, which of defendant's witnesses shall we believe? They both stand equally accredited by him, and their testimony is directly in conflict.

We find no error in the record requiring a reversal of the judgment, and it is therefore affirmed.

*Affirmed.*