### Charles Gallagher v. The State.

#### No. 3987. Decided December 12, 1908.

**1.—Murder—Change of Venue—Sufficient Showing.**

Upon trial for murder where defendant's motion for change of venue was in all respects statutory, and the evidence sufficient under the rules laid down by this court, the motion should have been granted. Following Dobbs v. State, 51 Texas Crim. Rep., 629, and other cases.

**2.—Same—Charge of Court—Intent—Self-Defense.**

Where upon trial for murder the defense was self-defense,' and defendant's intent was not in question by the evidence, the charge of the court that the instrument by which a homicide is committed is to be taken into consideration in judging of the party killing was not authorized. Following Burnett v. State, 40 Texas Crim. Rep., 79 S. W. Rep., 550.

**3.—Same—Charge of Court—Murder in Second Degree—Adequate Cause.** ·

Where upon trial for murder the evidence tended to show that deceased committed assault and battery upon defendant causing him pain, and the jury were not instructed that as a matter of law such an assault was adequate cause, and the court's charge on murder in the second degree did not require the killing to be done upon malice, but only in a transport of passion etc., the same was error. Following Harrison v. State, 47 Texas Crim. Rep., 393, 83 S. W. Rep., 699.

**4.—Same—Charge of Court—Manslaughter—Provocation.**

Where upon trial for murder there was no evidence tending to show any other provocation, or provocation by any other person, and the provocation, if any, arose over a contest between defendant and deceased (who were strangers to each other) as to who should give the road to the other, a charge of the court that submitted other provocation or a provocation given by some other party than the deceased, was uncalled for.

**5.—Same—Charge of Court—Self-Defense.**

Where upon trial for murder the court in his general charge had sufficiently submitted the issue of self-defense there was no error in refusing a requested charge thereon.

**6.—Same—Charge of Court—Right of Way.**

Upon trial for murder where the difficulty arose between defendant and deceased over a contest between them as to who should give the road to the other, defendant would not be justified in killing deceased unless in self-defense, and it was not essential to a proper disposition of the case to submit in a charge of the court the reciprocal rights of the parties in respect to their rights on the road.

Appeal from the District Court of Rains.   Tried below before the Hon. R. L. Porter.

Appeal from a conviction of murder in the second degree; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

*B. M. McMahan* and *Looney & Clark,* for appellant.—On question of change of venue: Cited cases in opinion. On question of charge of court: Cited cases in opinion.

*F. J. McCord,* Assistant Attorney-General, for the State.

RAMSEY, JUDGE.—In this case appellant was indicted in the District Court of Rains County on January 1, 1907, charged with the offense of murder. The case was called for trial in the following December in the same county and resulted in a conviction of murder in the second degree with appellant's punishment assessed at confinement in the penitentiary for a term of five years.

1. When the case was called for trial appellant made application, in all respects statutory, for a change of venue. The proof on this question covers probably one hundred pages of the record and even a brief summary of same would consume a large space. We think under the rule laid down in the decisions of this court, the motion should have been granted. Dobbs v. State, 51 Texas Crim. Rep., 629; 103 S. W. Rep., 918; Meyers v. State, 39 Texas Crim. Rep., 500; Randle v. State, 34 Texas Crim. Rep., 43, and that the court erred in not changing the venue.

2. Complaint is made of the following portion of the court's charge: "The instrument by which a homicide is committed is to be taken into consideration in judging of the intent of the party killing." This language occurs in that portion of the court's charge wherein the court was undertaking to instruct the jury as to the distinctive differences between murder in the first degree and murder in the second degree. Appellant's proposition is that this was error because, this being a case in which the defendant interposes the defense that he acted in self-defense; that his intent is not in question and that therefore the charge of the court is without evidence to support it and is in respect to an immaterial matter. A similar charge was condemned in the case of Burnett v. State, 79 S. W. Rep., 550, where this court says: "This charge, under the facts, should not have been given. There was no question as to the intent of the party, for appellant used the pistol, and used it fatally. Article 717, Penal Code, does not apply to this character of case, and only becomes a part of the law of the given case when the intent is to be judged in part from the instrument used; that is, if it is one not likely to produce death, it is not to be presumed that the death was designed, unless from the manner in which the instrument is used such intent evidently appears. Where a party uses an instrument not likely to produce death by the manner and means of its use, but death does occur, this statute may become a part of the law.

But, as we understand, it never applies unless the intent is an issue in the case. This was a case of self-defense from the defendant's standpoint and, if the acts and conduct of deceased induced appellant to believe his life was in danger, he had the right to draw his pistol, and fire, and continue to fire until all danger was passed. So there was no question of his intent. He was seeking to justify his act bringing about the homicide." We can not say that this charge was not prejudicial to appellant's rights and on another trial it should be omitted.

3. Appellant's 13th assignment of error is as follows: "The court erred in charging the jury as follows: 'If you believe from the evidence beyond a reasonable doubt that the defendant Charles Gallagher, in Rains County, Texas, on or about the 24th day of December, 1906, with a deadly weapon or instrument reasonably calculated or likely to produce death by the mode and manner of its use, in a sudden transport of passion aroused without adequate cause, as hereinafter defined, and not in defense of himself against an unlawful attack, either real or apparent, producing a reasonable fear or expectation of death or serious bodily injury, with the intent to kill, did unlawfully with his malice aforethought kill Charley Teague by shooting him with a pistol as charged in the indictment, you will find him guilty of murder in the second degree,' because the same does not require the killing to be done upon malice and only requires it to be done in a transport of passion aroused without adequate cause, and the court nowhere defines adequate cause under the law." The proposition under this assignment is that where the court instructs the jury on murder in the second degree in such a way as not to require them to find that the killing was done with malice but only in a transport of passion aroused without adequate cause, it is essential that the charge should correctly define adequate cause under the law as applied to the facts of the case. In this case the evidence tended to show that deceased committed an assault and battery upon defendant causing him pain. The statute makes such assault causing either pain or bloodshed adequate cause. The jury were not instructed that as a matter of law such an assault was adequate cause. We have approved charges (Smith v. State, 48 Texas Crim. Rep., 233; 89 S. W. Rep., 817) not unlike the charge complained of here, but this is a case where the court in his charge had correctly defined adequate cause, but we do not believe that where a statutory adequate cause, established by the evidence is entirely ignored, it can be or should be sustained. Harrison v. State, 47 Texas Crim. Rep., 393; 83 S. W. Rep., 699.

4. Complaint is also made of the charge of the court on the subject of manslaughter wherein the jury are instructed in substance, as follows: That it is not enough that the mind is merely agitated by the passion arising from some other provocation or a provocation given by some other party than the person killed. The passion

intended is either of the emotions of the mind known as anger, rage, sudden resentment or terror rendering it incapable of cool reflection; for the reason as claimed, there was no evidence in the case showing any other provocation or a provocation given by any other person. The proof shows that appellant and deceased were strangers and had met for the first time and that the difficulty arose over a contest between them as to who should give the road to the other. There does not seem to be in the record a word of evidence, or any suggestion tending to show any other provocation or a provocation by any other person and therefore this character of charge would at least seem to be uncalled for. Whether of itself, it should be held reversible error, we need not decide. But we suggest on another trial that this feature of the court's charge should be -eliminated. Harrison v. State, 47 Texas Crim. Rep., 393; 83 S. W. Rep., 699.

5. Again complaint is made that the court erred in refusing to give appellant's special charge No. 2, relating to the law of self-defense. The charge tendered is a substantially correct statement of the law of self-defense as applied to reasonable appearances of danger but we think, so far as applicable to the facts in issue, it had already been given in the general charge of the court and emphasized in the 16th special charge given to the jury on request of appellant.

6. There was, on the submission of the case, a most urgent request made by counsel for appellant that we should undertake to lay down the law with respect to the reciprocal rights of parties upon the public highways with respect to the use of the road. We find it unnecessary to do this, as, in the first place, we think it immaterial and unnecessary so to do. In this case the parties met on the public road. The deceased in a wagon heavily loaded with lumber, the appellant in a buggy in which he had a number of articles of some considerable weight. Appellant it seems undertook to drive around deceased but was, as he claimed, prevented from doing so on account of a log, which rendered it difficult if not impossible for him to pass deceased. Without reference to who was right or who was wrong in this question, appellant would not be justified in taking the life of deceased unless in self-defense against an attack or under circumstances affording him protection while acting under reasonable apprehensions of danger and it is not essential to a proper disposition of the case to determine the reciprocal rights of the parties in respect to their rights on the road.

7. There are a number of other questions discussed and noted in the brief of counsel for appellant but they are mainly of such a character as are not likely to arise upon another trial and need not, we think, be discussed. For the errors noted above, the judgment of conviction will be set aside and the case remanded for another trial in accordance with law.

*Reversed and remanded.*