## Buss Wyres v. The State.

### No. 2877.   Decided April 18, 1914.

### Rehearing denied May 13, 1914.

**1.—Murder—Change of Venue—Bill of Exceptions.**

Where the bill of exceptions to the order of the court for a change of venue was not filed within the time required by law, the matter could not be reviewed on appeal; besides, there was no abuse of discretion in refusing a change of venue. Following Adams v. State, 35 Texas Crim. Rep., 285, and other cases.

**2.—Same—Challenge for Cause—Jury and Jury Law.**

Where the jurymen answered that from reading newspapers, etc., they had an opinion in the case, but that this would not influence them in finding a verdict, etc., and neither was taken on the jury, there was no reversible error. Following Sawyer v. State, 39 Texas Crim. Rep., 557, and other cases.

**3.—Same—Jury and Jury Law—Talesmen.**

A bare statement that the juror who was summoned as a talesman was objectionable would be no ground for challenge; besides, the bill of exceptions showed that this juror was not challenged by defendant.

**4.—Same—Evidence—Co-defendant—Declarations by Co-defendant—Cross-examination.**

Where defendant and others were indicted for murder and defendant's counsel tried to show that one of the co-defendants had killed deceased, cut off his head and threw it into the creek, there was no error in permitting the State, on cross-examination of the same witness, to show that when said co-defendant told him where the head of the deceased was, he said that defendant threw it into the water, and where the witness would find it and that he did find it there. Following Carter v. State, 59 Texas Crim. Rep., 73, and other cases.

**5.—Same—Co-defendant—Evidence—Witness.**

Upon trial of murder, the declarations of a co-defendant while under arrest and in jail for the same offense to the effect that he, and not the defendant,

had killed the deceased were inadmissible in evidence, as said co-defendant was not a competent witness.

**6.—Same—Co-defendant—Evidence—Charge of Court—Accomplice.**

Where, upon trial of murder, a co-defendant was offered as a witness for the State, when 'through his counsel he claimed his privilege of not being required to testify and was excused, there was no error, as defendant ·was contending that the said co-defendant had committed murder, and there was no error in the court's failure to charge on accomplice testimony. Following Gracy v. State, 57 Texas Crim. Rep., 68.

**7.—Same—Evidence—Harmless Error.**

Where defendant, on cross-examination with reference to statements made by his mother, answered in the negative, the same at the most was harmless error.

**8.—Same—Principals—Charge of Court—Sufficiency of the Evidence.**

Where, upon trial of murder, the evidence sustained the conviction under a proper charge of the court, including one on principals, there was no reversible error.

**9.—Same—Declarations of Co-defendant—Imputing Crime to Another.**

While it is permissible to show that another committed the crime, it is not permissible to introduce acts and declarations of a co-defendant while under arrest charged with the same offense; neither was the same res gestae, as appeared from the bill of exceptions accepted by defendant. Distinguishing Kunde. v. State, 22 Texas Crim. Rep., 65, and other cases.

**10.—Same—Change of Venue—Bill of Exceptions.**

Where the bill of exceptions to the overruling of a motion to change the venue was filed long after the adjournment of the court, the same can not be considered on appeal. Distinguishing Gallagher v. State, 55 Texas Crim. Rep., 50, and other cases.

**11.—Same—Defensive Theory—Charge of Court.**

Where, upon trial of murder, the defendant contended that he did not do the killing, but that his co-defendants did it, and the court submitted this issue, there was no error.

Appeal from the District Court of Falls. Tried below before the Hon. Richard I. Munroe.

Appeal from a conviction of murder; penalty, death.

The opinion states the case.

*W. E. Rogers* and *Scott & Ross,* for appellant.—On question of change of venue: Barnes v. State, 59 S. W. Rep., 882; Randle v. State, 28 S. W. Rep., 953; Gallagher v. State, 55 Texas Crim. Rep., 50, 115 S. W. Rep., 46.

On question of admitting entire conversation of codefendant: Irby v. State, 25 Texas Crim. App., 203; Woodard v. State, 42 Texas Crim. Rep., 188.

On question of refusal to admit declarations of codefendant: Pace v. State. 61 Texas Crim. Rep., 436; Gilder v. State, 133 S. W. Rep., 883; Cecil v. State, 72 S. W. Rep., 197; Dubose v. State, 10 Texas Crim. App., 230; Kunde v. State, 22 id., 65.

On question of court's charge on defensive theory: Wheeler v. State,

56 Texas Crim. Rep., 547; Kirby v. State, 49 Texas Crim. Rep., 517, 93 S. W. Rep., 1030; Jackson v. State, 20 Texas Crim. App., 190; Goodwin v. State, 58 Texas Crim. Rep., 496.

C. E. *Lane,* Assistant Attorney General, and *Frank Oltorf,* County Attorney, for the State.—On question of declarations of codefendant: Cited cases in opinion.

HARPER, JUDGE.—Appellant was prosecuted and convicted of murder, and his punishment assessed at death.

The first ground relied on is that the court erred in not sustaining the application for a change of venue in this case. Article 634 of the Code of Criminal Procedure reads: "The order of the judge granting or refusing a change of venue shall not be revised on appeal unless the facts upon which the same was based are presented in a bill of exceptions prepared, signed, approved and filed at the term of court at which the order was made." The term of court at which appellant was tried adjourned July 26th. The bill of exceptions was not filed until August 1st. Under the plain mandates of the law, we are not authorized to review the action of the court, the bill not being filed within the time required by law; but if we did do so, the evidence would not show that the court abused his discretion in refusing to change the venue. Adams v. State, 35 Texas Crim. Rep., 285; Kutch v. State, 32 Texas Crim. Rep., 184; Smith v. State, 31 Texas Crim. Rep., 14.

Appellant also complains that the court erred in not sustaining his challenge for cause to Messrs. Roscoe Fortune, J. T. Allen, Wilmer McKea, B. F. Bruner and J. E. Buck. These men answered that from reading newspapers and from reports that they had an opinion in this case, but each answered that it was not such opinion as would influence their action in finding a verdict. They further testified they had talked with no witness in the case, and had not seen any of the evidence published. Neither one of these men served on the jury, but were peremptorily challenged by appellant. Under such circumstances this bill presents no error. Subdiv. 13 of art. 692; Sawyer v. State, 39 Texas Crim. Rep., 557; Miller v. State, 32 Texas Crim. Rep., 319; Suit v. State, 30 Texas Crim. App., 319.

In the next bill it is shown that after appellant had exhausted his challenges, T. E. Cypert, a talesman, was called to be examined as a juror in said cause, whereupon the defendant through his counsel advised the court that he had exhausted all his peremptory challenges, and that this juror, towit, T. E. Cypert, was an objectionable juror to him, and asked the court to require him to stand aside, which the court refused to do and after the State had accepted said juror, ordered said juror sworn as a member of the jury of said cause, to which action of the court the defendant then and there excepted. It is not contended that Mr. Cypert had formed an opinion from hearsay or otherwise, and the record does not disclose that he had ever heard of the case until

summoned on the venire. Just the bare statement that the juror was objectionable would be no ground, without stating or in some way showing why said juror was an objectionable juror. In qualifying the bill the court states this juror was not challenged by appellant. Under no phase would the action of the court in this matter present error.

Sheriff M. J. Poole was introduced as a witness for the State, and on cross-examination by appellant's counsel he was asked if he did not search for the head of deceased, that had been severed from the body, on Saturday night and Sunday, and if he did not find it Sunday evening, and when he answered in the affirmative, he was asked: "Did you get any information from anybody as to where the head was? A. Yes, sir. Q. Who gave you the information? A. Bounce Baty. Q. He told you where it was? A. Yes, sir. Q. You didn't see Buss Wyres that night? A. No, sir."

The record discloses that appellant, Bounce Baty and another were indicted, charged with the murder of John Richey. These questions were propounded and answers elicited by appellant in an effort to show that Bounce Baty had killed Richey, cut off his head, and threw it in the creek. On redirect examination the court permitted the State to prove by Mr. Poole that when Bounce Baty told him where the head was, he said that appellant threw it in the water where he had told the sheriff he would find the head, and where he did find it. As appellant first elicited a part of this conversation in an effort to show that Bounce Baty did the killing and threw the head of deceased in the water, then it was permissible to show that the conversation as a whole would not bear such construction. Having elicited the part of the conversation he did, there was no error in permitting the State to elicit the remainder of what was said by Baty at this time, as it was clearly necessary to render intelligible and plain that part appellant had introduced. Art. 811, C. C. P.; Carter v. State, 59 Texas Crim. Rep., 73, 127 S. W. Rep., 215; Spearman v. State, 34 Texas Crim. Rep., 279.

After the State had introduced this testimony, the defendant then offered to prove by John Hughes and Guadalupe Gonzales that after appellant, Bounce Baty and Dud Reed had been indicted, charged with this murder, and while they were all in jail, that Hughes and Gonzales had heard Bounce Baty say that he, "Bounce Baty had killed John Richey and cut his damned head off, and that no one else had anything to do with it." Bounce Baty was at this time under arrest and in jail under indictment charged with this offense, and he was not a competent witness to testify to these matters for appellant, and as he himself could not so testify, such statements would not become evidence by him stating it to third parties. An unsworn statement made in jail at the time he was an incompetent witness, would not be admissible in evidence when his sworn testimony would not be admissible. Art. 791, C. C. P.; Blain v. State, 24 Texas Crim. App., 626; Smith v. State, 41 Texas, 352. In Long v. State, 10 Texas Crim. App., 186, Judge White tersely states

the rule to be, "If one can not testify in person, how can he state facts to others and thereby enable them to testify to matters wholly derived from him? To permit this would be to abrogate the law which renders him incompetent to testify. No fact stated by or derived from him can, so long as the disability remains, be detailed as testimony by another or used as evidence." See, also, Gayle v. Bishop, 14 Ala., 552; Walker v. State, 39 Ark., 221; People v. Quong Kun, 68 N. Y., 139; State v. Williams, 67 N. C., 12; Hambeck v. State, 35 Ohio, 277; Nettles v. Harrison, 2 McCord, 230; Queen v. Neale, 2 Cranch, C. C., 3; 1 Phil. on Ev., 5; 1 Rus. on Crimes, 695; 1 Chit. Crim. Law, 190; Starkie on Ev., 117; People v. McGee, 1 Denio, 471.

The State called Bounce Baty as a witness, when he, through his counsel, claimed his privilege of not being required to testify, as he was under indictment charged with the same offense. He.was a competent witness for the State under our statutes had he been willing to testify, but when he claimed his privilege, the court promptly sustained it. There was no error in this proceeding, and in no way could it injure appellant. He by his testimony was contending that Bounce Baty and Dud Reed had committed the murder, in which he in no way participated, and when Bounce Baty claimed that his testimony might tend to incriminate him, Baty, this, if anything, would have a tendency to sustain the contention of appellant, and in nowise would it tend to show his, appellant's, guilt. Nor was there any error in not charging on accomplice testimony. When Baty was called he testified to no fact; in fact declined to testify; that the defendant had elicited from the sheriff that it was through information received from Baty he had found the severed head, and testified that at the same time Baty told the sheriff appellant had placed it at this place, did not call for a charge on accomplice testimony. Gracy v. State, 57 Texas Crim. Rep., 68, 121 S. W. Rep., 705.

As the defendant answered the question in the negative, propounded to him by the State, to which appellant objected, no harm could result therefrom, even if it had been an improper question. We do not think what his mother may have said and done would have been admissible against appellant, and had the question been answered other than in the negative, error might be presented, but the question in and of itself was not of a harmful nature, when he answered, no, and no effort was made to follow the question with any other or different proof.

We have carefully reviewed each ground in the motion for new trial, and think the charge of the court not subject to the criticisms therein contained. The evidence offered in behalf of the State would justify a finding that deceased was killed by appellant, Baty and Reed, and his head severed from his body and thrown in the creek; that each of them was present, and knowing the unlawful intent participated therein, therefore, there was no error in the court defining who are principals in the commission of an offense, and submitting that issue to the jury. No

special charges were requested, and every phase of the case was included in the court's charge, and in a manner extremely fair to appellant.

The judgment is affirmed.

*Affirmed.*

ON REHEARING.

May 13, 1914.

HARPER, JUDGE.—Appellant has filed a lengthy motion for rehearing in which he reiterates each ground in the motion for a new trial. However, he has filed an argument in support of some of the grounds, and these only we deem it necessary to discuss, as the others were passed on in the original opinion, and while appellant contends we were in error in each of them, yet he cites no authorities in support of such contentions. However, he cites us to the case of Julius Kunde v. State, 22 Texas Crim. App., 65, which he claims supports his contention that the statement made by Bounce Baty while in jail under arrest should have been admitted in evidence. In the Kunde case it is held that it is permissible to show that another committed the crime, and this proposition of law we have never questioned, and do not now question it, where the inculpatory facts are such as are proximately connected with the transaction, by *any legal and legitimate testimony,* and if any legal and legitimate testimony had been excluded by the court tending to show that another and not appellant committed the offense, of course it would be error. But the mistake that appellant makes is that evidence rejected was legal evidence. In Kunde v. State, supra, it was held: "It was error to refuse to permit the defendant to reproduce the testimony of the deceased witness, E. T. Rhodes. By this testimony defendant proposed to show acts and declarations on the part of his codefendant, Taylor Kunde, occurring shortly *prior to the murder,* which acts and declarations tended strongly to show malice on the part of Taylor Kunde towards Drennon, deceased, and a motive on his part to commit the murder." This court followed that opinion in the case of Robertson v. State, 63 Texas Crim. Rep., 216, in holding that when a witness is dead his testimony at a former trial could be reproduced, and we think it is a sound proposition of law, and the case of Dubose v. State, 10 Texas Crim. App., 230, is also the law, and this decision has been followed by this court since it has been rendered. But the error in appellant's contention is that the statement that Baty made which he desired to have the witnesses testify to was made while Baty was in jail under arrest charged with this offense. When Baty is placed on trial would any one contend that this testimony would be admissible against him? We think not, for the statute prohibits it. Appellant in his argument insists that the statement was res gestae of the transaction, and if so, of course, it would be admissible, but in the record before us there is nothing to sustain this contention, and the court in approving the bill states: "The bill is allowed with the following explanation that the statement sought

to be proved by the witness was made, if at all, long after the homicide, and while the said Bounce Baty was in jail under indictment for the same offense with which the defendant Buss Wyres is charged." Appellant criticises that part of the original opinion where we said, "Bounce Baty was at this time under arrest and in jail under indictment charged with this offense, and he was not competent to testify to these matters for appellant, as he, Baty, could not so testify," and said we are in error in stating that Baty was under indictment at this time. Appellant accepted the bill of exceptions, as approved by the court, which so stated, as shown by the quotation above, and in it the judge does affirmatively state that the statement was not res gestae of the transaction, was made "long after the homicide, and at a time when Baty was in jail and under indictment for this offense."

And when one accepts a bill thus qualified, under all the decisions, he is bound thereby. (Hardy v. State, 31 Texas Crim. Rep., 289; Levine v. State, 35 Texas Crim. Rep., 647; Brown v. State, 32 Texas Crim. Rep., 119.) Appellant also refers us to the case of Pace v. State, 61 Texas Crim. Rep., 436, 135 S. W. Rep., 379. In that case the appellant offered to prove by Bryon Kyle that he had a conversation with Cain in which Cain admitted that he did the killing. At the time Cain made the statement to Kyle he was not under arrest, and had not been indicted for the offense, consequently the testimony was admissible as in the Kunde case, but neither of the cases are authority for the admission of a statement made by one in jail while under indictment for the offense. And on the other hand the statute expressly inhibits the admission of such testimony, as shown by the article of the Code and authorities cited in the original opinion.

Appellant also contends that we should consider the bill in regard to the change of venue, claiming that such bill presents the matter within the rule announced in the cases of Gallagher v. State, 55 Texas Crim. Rep., 50, 115 S. W. Rep., 46; Barnes v. State, 59 S. W. Rep., 882, and Randell v. State, 34 Texas Crim. Rep., 43, 28 S. W. Rep., 953. In each of those cases the bills were filed in term time, consequently they nor either of them are in point in this case, the bill having been filed after the adjournment of court for the term. As said in the original opinion, the statute prohibits us from considering a bill on change of venue not filed during the term. Art. 634, C. C. P. See, also; Adams v. State, 35 Texas Crim. Rep., 285; Kutch v. State, 32 Texas Crim. Rep., 184; Smith v. State, 31 Texas Crim. Rep., 609, and Gibson v. State, 53 Texas Crim. Rep., 349, and cases there cited. In the Gibson case it is said: "This is not only statutory, but it has been so often decided and enforced that it can not be longer said to be a debatable question."

The next question is that the court failed to charge on appellant's affirmative defense, and he argues at length that it is the duty of the court to so do. This is conceded, and the evidence of defendant raised only the issue that he did not do the killing, but that Bounce Baty and Dud Reed were the parties who killed deceased. The court instructed

the jury: "If you believe from the evidence that the said John Richey was cut and killed by Bounce Baty and Dud Reed or by either of them and that the defendant had no connection with the killing as a principal, as that term is hereinafter explained, or if you have a reasonable doubt thereon, you will return a verdict of not guilty." And subsequent to this, the law as to who are principals was properly applied to the case.

The motion for rehearing is overruled.

*Overruled.*