## FLETCHER HOWARD V. THE STATE.

### No. 3985. Decided March 22, 1916.

**1.—Burglary—Indictment—Criminal District Court.**

Where the question of jurisdiction of the two Criminal District Courts in Dallas County was passed upon in the previous appeal adversely to the appellant, the question need not. be reviewed. Neither the motion to quash ·the indictment.

**2.—Same—Change of Venue—Compurgators—Credible Persons—Practice in District Court.**

Where, upon trial of burglary, defendant filed an application for change of venue on the ground that he could not obtain a fair and impartial trial in the county of the prosecution, upon which the court heard evidence and overruled the application, whereupon the defendant presented a second application for a change of venue on the ground that there was a dangerous combination, etc., by reason of which he could not obtain a fair trial, and the compurgators were the same in both applications, there was no error in the court's refusal to entertain and hear the second application on the ground that one of the compurgators, whom he had heard testify on the first application, was not a credible person and totally unworthy of belief under oath. Following Gibson v. State, 53 Texas Crim. Rep., 349, and other cases.

**3.—Same—Rule Stated—Applications for Change of Venue—Practice.**

The proper practice is to present both grounds for change of venue in one application if the defendant is in possession of information at the time he filed the first application that he has reason to believe that both grounds exist, and he should not split the matter into two applications; however, we do not wish to be understood as holding that the accused can not file a second application if he presents the matter properly. But where the evidence on the motion is not presented in the record on appeal, it must be presumed that the court below committed no error in refusing to hear the second application when it was signed by one credible witness only.

**4.—Same—Severance—Evidence—Co-defendant Incompetent Witness.**

Where, upon trial of burglary, it appeared that the defendant and another were both indicted, charged with burglary, and both defendants filed affidavits asking that the other be first tried, and could not agree as to the order of trial, it became the duty of the trial court under Article 727, Code Criminal Procedure, to designate the one to be first tried, but the court committed no error in not permitting defendant to introduce in evidence the affidavits of his co-defendants which tended to exonerate the defendant. Following Wyres v. State, 74 Texas Crim. Rep., 28, and other cases.

**5.—Same—Argument of Counsel—Allusion to Defendant's Failure to Testify.**

Where, upon trial of burglary, appellant's counsel referred to instances when persons charged with crime had made explanations, and State's counsel replying thereto stated that appellant, when arrested charged with this offense, made no explanation, this would not be a reference to his failure to testify.

**6.—Same—Practice on Appeal—Bills of Exception.**

Where the bills of exception related to matters which were passed upon adversely to the defendant in the former appeal, there was no necessity to pass on them again.

Appeal from the Criminal District Court of Dallas. Tried below before the Hon. W. L. Crawford, Jr.

Appeal from a conviction of burglary; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*McCutcheon & Church,* for appellant.—On question of argument of counsel: Flores v. State, 60 Texas Crim. Rep., 25; Shaw v. State, 57 id., 474; Deary v. State, 62 id., 352; Wilcock v. State, 64 Texas Crim. Rep., 1, 141 S. W. Rep., 88; Minter v. State, 68 Texas Crim. Rep., 47, 150 S. W. Rep., 783.

*C. C. McDonald,* Assistant Attorney General, for the State.

HARPER, Judge.—Appellant was convicted of burglary and his punishment assessed at two years confinement in the State penitentiary.

This is the second appeal of this case, the opinion on the former appeal being reported in 77 Texas Crim. Rep., 185, 178 S. W. Rep., 506.

Appellant again contends that as the indictment was returned into the Criminal District Court No. 1 of Dallas County, the Criminal District Court No. 2 had no authority or jurisdiction to try the cause. The order transferring the cause is contained in the transcript, and, as this question was ruled on in the former opinion, we do not deem it necessary to discuss it again.

He again presents the motion to quash the indictment on the same grounds as those relied on in the former opinion. We have not changed our views of the law, and the court did not err in overruling the motion.

When the case was called for trial appellant requested time to prepare and file a motion for change of venue. The court granted from 9 a. m. until 2 p. m. When the court convened in the afternoon appellant presented an application for a change of venue on the ground "that there exists against him so great a prejudice he can not obtain a fair and impartial trial in Dallas County." This application was contested by the State by sworn plea, and the court heard evidence on the application. After all the evidence was heard the court overruled the application. The evidence heard on this application is not contained in the bill, nor in the record, therefore we must conclude that the evidence wholly failed to sustain the application. We can not review the action of the court in the absence of the testimony heard. As soon as the court overruled this application for a change of venue, appellant's counsel stated he desired to present a second application on the ground "that there was a dangerous combination against him instigated by influential persons by reason of which he could not obtain a fair trial." When this second application for a change of venue was presented, the court upon learning that it had been prepared at the same time as the first application, and signed by the same witnesses, and not presented at that time, but held out until the evidence on the first application had been heard and ruled on, refused to entertain the second application, alleging as reasons for refusing to do so, "First, that after hearing the evidence on the first application, he found that

there did not exist in Dallas County such prejudice against the defend-
ant as would prohibit him from obtaining a fair and impartial trial;
second, that one of the compurgators, a negro by the name of Bert
Morrow, was not a credible person and was totally unworthy of belief
under oath." If the evidence on hearing the first application for a
change of venue had shown the court that one of the compurgators,
Bert Morrow, who signed both applications, was not a credible person
and wholly unworthy of belief, we can not say he erred in not enter-
taining the second application. The statute requires (art. 628) that
the application must be supported by the affidavit of the defendant, and
at least *two credible persons*, and it has been frequently held by this
court that the application, which is supported by the affidavit of one
credible person, is insufficient to present an issue for trial. (O'Neal v.
State, 14 Texas Crim. App., 582; Macklin v. State, 53 Texas Crim.
Rep., 197; Gibson v. State, 53 Texas Crim. Rep., 349.)

In the O'Neal case, supra, this court said: "There was no error in
the action of the court in striking out and refusing to consider the
defendant's application for a change of venue, because the application
did not conform to the requirements of the statute. It was supported
by the affidavit of but one other person than the defendant, whereas
the statute requires the supporting affidavits of 'at least two credible
persons, residents of the county where the prosecution is instituted.'
Where the statute is not fully complied with in an application for a
change of venue, the application is fatally defective, and the court is
under no obligation to consider it. (Mitchell v. State, 43 Texas, 512.)"

Of course, the court without evidence and without a contest would
not be authorized to hold that a witness was not a credible person, but
in this case the court had heard evidence on the application presented
under the first subdivision of article 628, and having heard it and
ruled on it, he would be authorized to hold, upon presenting the second
application, the compurgators being the same, that they or either one
of them were not credible persons, if the evidence on the first appli-
cation had so shown. We do not wish to be understood as holding that
a person can not file a second application, if the evidence on the first
application, based only on one ground of the statute, should disclose
probable grounds for believing that grounds existed for filing an ap-
plication under the second subdivision, or the appellant had learned
such facts since filing the first application. The statute authorizes a
change of venue upon either of the grounds. But we would say that
the proper practice is to present both grounds in one application, if
appellant is in possession of information at the time he files the first
application that he has reason to believe that both grounds exist, and
he should not, if in possession of the information, delay the orderly
proceedings of the court by splitting the matter into two applications,
one to be filed after the first has been heard and ruled on. However,
this is a matter of procedure, and one should be denied no right the
statute gives him, if he presents the matter properly to the court, and
we only hold in this case, that under the findings of the court on the

evidence heard by him, which is not presented to us in the record before us, the court committed no error in refusing to hear the second application when it was signed but by one credible witness.

Appellant and one Dave Johnson were both indicted, charged with burglarizing a railroad car. Appellant filed an application that Dave Johnson be tried first. Dave Johnson, through his attorney, also filed an application, asking that appellant be first tried. Article 727 of the Procedure provides for severance, and provides in the event the two defendants make such affidavits and can not agree as to the order of trial, then the presiding judge shall direct the order in which they shall be tried. As both defendants filed affidavits asking that the other be first tried, it became the duty of the court to designate the one to be first tried.

Dave Johnson, appellant's co-defendant, did not testify on this trial. By the bills on file it appears that he has made conflicting affidavits, in one affidavit stating facts which would tend to exonerate appellant and show he was not guilty of the offense charged. Appellant offered to introduce this affidavit in evidence, and prove by Noah Roark what Dave Johnson had told him while confined in jail. This was not res gestae of the offense,—the offense having been committed in November, 1914, while the affidavit made by Dave Johnson, which appellant called Mr. Roark to testify in regard to, was made about a month thereafter while Dave Johnson was in jail, charged jointly with appellant with having committed this burglary. While, since the rendition of the opinion in Dubose v. State, 10 Texas Crim. App., 230, it is permissible for the person on trial to show that another committed the offense with which he is charged by legal and competent testimony, yet this does not give one the right to introduce illegal and inadmissible testimony which might tend to show that fact. Article 791 of the Procedure specifically declares that persons charged as principals, whether in the same or different indictments, can not be introduced as witnesses for one another, and in passing on this statute Judge White, in Long v. State, 10 Texas Crim. App., 186, holds: "If one can not testify in person, how can he state facts to others and thereby enable them to testify to matters wholly derived from him? To permit this would be to abrogate the law. No fact stated by him or derived from him can, so long as the disability remains, be detailed as testimony by another or used as evidence." See also Smith v. State, 41 Texas, 352; Blain v. State, 24 Texas Crim. App., 626; Wyres v. State, 74 Texas Crim. Rep., 28, and cases cited.

In another bill of exceptions appellant contends the prosecuting officer in his argument made an indirect reference to appellant's failure to testify. The bill as approved by the court shows this clearly not to have been the case. Appellant's counsel referred to instances when persons charged with crime had made explanations. Counsel for the State merely stated in replying, that appellant when arrested, charged with this offense, made no explanation of the fact that he was helping

to move the stolen property when arrested. This would not be a reference to his failure to testify.

This disposes of all the questions presented in the brief on file. While there are other bills in the record, yet they relate to matters which were passed on in the former appeal of this case, and we see no necessity to pass on them again, but merely refer to that opinion. 77 Texas Crim. Rep., 185, 178 S. W. Rep., 506.

The judgment is affirmed.

*Affirmed.*

DAVIDSON, JUDGE, absent.