### Joe Walsh v. The State.

#### No. 5199.  Decided April 23, 1919.

**1.—Murder—Preliminary Statement—Practice in District Court.**

Where, upon trial of murder, after arraignment and plea of not guilty, defendant requested that the State be required to make a statement of its case as provided in article 717 C. C. P., which the State refused to do, and the court refused to require the State to make such statement, the same was reversible error. Following House v. State, 75 Texas Crim. Rep., 338, and other cases.

**2.—Same—Preliminary Statement—Practice in District Court.**

Where, upon trial of murder, defendant desired to make a preliminary statement before beginning to introduce his testimony under article 717 C. C. P., the same should have been granted.

**3.—Same—Charge of Court—Principals.**

Where, upon trial of murder, the evidence showed that the defendant's companions fired the shots which killed the deceased, and there was no

evidence that defendant fired any shots that killed the deceased or that he was even armed, it was reversible error to instruct the jury that if defendant with malice aforethought killed the deceased by shooting him with a pistol, etc., to find him guilty of murder. Following Oates v. State, 51 Texas Crim. Rep., 449.

4.—Same—Charge of Court—Principals—Weight of Evidence.

Where, upon trial of murder, the State's theory was that defendant was present and aided or encouraged the parties who committed the homicide, and defendant claimed that he did not participate in any manner therein and had no knowledge of the crime, etc., the charge of the court on the law of principals which practically covered every statute on the subject mentioned in the penal code, and did not apply the law to the facts in the case, was reversible error.

5.—Same—Confessions of Third Party—Imputing Crime to Another.

Where, upon trial of murder, the record on appeal showed that another party who was charged by separate indictment with the murder of the same person whom defendant was alleged to have killed, and which third party was convicted and the death penalty assessed against him, and who died in jail before his execution, and while in such dying condition made a confession that defendant was innocent of the crime and that the defendant was present when the crime was committed but had no previous knowledge of the intention of others to commit it and took no part in it, the same was inadmissible in evidence. Following Bowen v. State, 3 Texas Crim. App., 617, and other cases, distinguishing Blocker v. State, 55 Texas Crim. Rep., 30; Pace v. State, 61 Texas Crim. Rep., 436. Davidson, Presiding Judge, dissenting.

6.—Same—Rule Stated—Imputing Crime to Another.

While it is the settled rule that one accused of crime may show that another person committed the offense where the guilt of such other person would be consistent with the innocence of the accused, yet this proof must be by competent evidence, and as a rule a confession or admission of a third person that he committed the crime of which the defendant is charged is mere hearsay and not admissible in evidence, where it does not constitute a part of the res gestæ. Following Dubose v. State, 10 Texas Crim. App., 230, and other cases, distinguishing Blocker v. State, supra, and Pace v. State, supra.

7.—Same—Case Stated—Imputing Crime to Another—Codefendant's Declaration.

Where, upon trial of murder, the evidence showed that defendant was admitedly present at the time the homicide took place, and the prosecution against him was upon the theory that he acted with others as principal, and there was no specific declaration that the declarant killed the deceased, and that the dying declarations of such declarant did not necessarily exculpate the defendant, such declarations that the defendant was innocent although present when the crime was committed were inadmissible in evidence. Besides, such declarant having been indicted and convicted for the same offense as that charged against defendant would have been an incompetent witness. Davidson, Presiding Judge, dissenting.

Appeal from the District Court of Tarrant. Tried below before the Hon. George E. Hosey, judge.

Appeal from a conviction of murder; penalty, seven years imprisonment in the penitentiary.

The opinion states the case.

14—85 T. C. R.

*Graves & Houtchens,* for appellant.—On question of charge of court on principles: Oates v. State, 513 Texas Crim. Rep., 449; Burgess v. State, 33 id., 9; Title v. State, 35 id., 96; Chapman v. State, 43 id., 328; Bogan v. State, 49 id., 109.

On question of preliminary statement: Holsey v. State, 24 Texas Crim. Rep., 35, and cases cited in the opinion.

*E. B. Hendricks,* Assistant Attorney General, and *Jesse M. Brown,* County Attorney of Tarrant County, for the State.

DAVIDSON, Presiding Judge.—Appellant was convicted of murder and given seven years in the penitentiary.

The State's theory of the case was that appellant and two others, in pursuance of an agreement together and acting together, killed James Liston for the purpose of robbery. Appellant denies any theory of conspiracy, and that he was acting with the parties, and was not aware of the fact that they intended to kill Liston. It is also shown that appellant was a sort of street beggar, and in addition a vendor of lead pencils and a few little trinkets by which he sought to make a living; that if he made a living it was a very precarious one; that he hung around the streets and saloons, and places of not a very high order of repute, and drank to excess. It is also in evidence that he had been drinking for three or four weeks pretty heavily prior to and at the time of the homicide. That on the day of the homicide, and perhaps the day before he was with two alleged co-conspirators and drinking heavily at their expense; that he had no money, and that one of these men furnished him fifty cents with which to buy a lunch; that instead of buying a lunch he bought a bottle of beer with fifteen cents, and had the other thirty-five cents on his person at the time of the killing of Liston. That about 9 o'clock on the night of the homicide his two companions separated from him, were gone awhile, returned in an auto, and requested appellant to take a joy-ride. They had quite a lot of beer and whisky in the auto, the rear of which was occupied by appellant, the other two parties being in the front part of the car, one of them driving. They drove around town and in a part of it where it seems appellant was unacquainted. At one point one or both of his codefendants after stopping the car, alighted from it, and inquired for a certain number on May Street, which proved to be the residence of deceased, Liston. Appellant remained in the car. Leaving this place, they went near Liston's residence, stopped the car, the two codefendants alighted, went in the rear of Liston's house, and on his back gallery shot and killed and robbed him. Appellant was in the car part of the time, and the evidence shows that he got out of the car when he heard the shooting and started away, or at least was in the street along the sidewalk a short distance away from the front of Liston's residence. When the two

parties returned from Liston's residence they made appellant get in the car, and they drove rapidly away. Several blocks from where the homicide occurred the car was wrecked. Whether at the time of the wreck the codefendants were in it or not is in some doubt, but about the time of the wreck, or just before it, they were seen leaving the direction of the car, and when the car was wrecked appellant was thrown out and injured. Some of the beer in the ᴄᵃᵣ had been used by appellant, and some of the whisky. One of the bottles of whisky showed to have been partially empty. That he was associating with the two codefendants the entire day preceding the homicide at night may be treated as a conceded fact, and there is some evidence to show they had been associating together the day before. That he was drinking at their expense, and drinking heavily may also be conceded. That he seemed to have followed them around for the purpose of drinking at their expense is not a questionable fact, nor is it to be doubted that he hung around saloons and drank at anybody's expense who would pay for the drinks. The State's theory, therefore, as stated, was that they were acting together; that they went together for the purpose of killing Liston. Appellant's theory was that he was totally unaware of the fact that his codefendants intended to kill Liston, and that the first he knew of it was when he heard the shooting; that he did not even know Liston, and did not know who they were shooting at, or why they were shooting. There is testimony also from the defendant to the effect that when his codefendants came from Liston's residence he was trying to make his escape, and one of them stuck a pistol to his stomach and forced him to get back in the car. When they left the car they left their pistols in the car, or beside the car on the ground; they did not carry the pistols away with them. They fled the country, and one of them, known in the record as Jojo, whose name seems to have been Miller, was arrested the next day at Amarillo. Appellant was arrested and put in jail. The question as to his state of intoxication became an issue on the trial so far as it related to that condition at the time of his arrest. It may be assumed as a fact here that he was drunk, and the evidence showed he had been drinking pretty heavily for some time,—some of the evidence shows for three or four weeks. This is a sufficient statement of the case to treat the matters presented for revision.

When the case was called for trial, and after the arraignment and plea, appellant requested that the State be required to make a Statement of its case as provided in Article 717, C. C. P. The court asked State's counsel if they desired to make a statement. Being answered in the negative, the court refused to require them to make a statement. We are of opinion under this record this was error. The decisions in this respect are to the effect that it should be required, and especially if it was possible that appellant would be injured by the refusal to make the statement. This was a case of

circumstantial evidence, and closely contested upon the question as to whether appellant was connected criminally with the acts of his codefendants, and it seems to have been some what a difficult matter for appointed counsel to understand fully the nature of the State's case. There are several decisions that have reviewed this matter, and from them, under the circumstances of this case, it was error for the court not to require the State to make the statement as required by the statute. See Art. 717, C. C. P.; Holsey v. State, 24 Texas Crim. App., 35; Owen v. State, 52 Texas Crim. Rep., 65; House v. State, 75 Texas Crim. Rep., 338. For a discussion of this matter see House v. State, supra.

In the same connection appellant desired to make a statement before beginning the introduction of his testimony. This in part the court refused. The substance of the qualification of the judge is to this effect: he permitted the defendant to make a full statement of his case to the jury under the provision of Article 717, supra, except to permit him to state to the jury what the testimony of Rev. W. E. Hawkins and Mrs. Teel, would be. It may be proper here to state these matters in this connection, both in reviewing the action of the court in refusing to permit these witnesses to testify as well as in rejecting that part of appellant's statement to the jury which he offered to make. These bills of exception show, without repeating them seriatim, that Mrs. Teel would have testified, had she been permitted, that she was a missionary worker connected with the Union Mission in the City of Fort Worth; that a part of her duties was to visit the jail of Tarrant County, to advise with the prisoners with reference to their spiritual welfare; that while in the discharge of such duties she became acquainted with one Joe Miller, alias Jo-Joe, and often talked with him about his soul; that Joe Miller is now dead. and the day before he died he talked with her, and told her that he was dying and that he fully realized he was dying and would not get well, and that he desired to make a confession to her before he died; and she would have also testified that Joe Miller, alias Jo-Joe, stated to her that the defendant, Joe Walsh, was innocent of the crime with which he is charged, and that he, the said Joe Walsh, was present when the crime was committed but had no knowledge whatever that any crime was going to be committed, and that he was not guilty of any crime whatever. To the same effect would have been the testimony of Rev. W. E. Hawkins. The judge approves both bills with the statement that the witness would not testify that Jo-Joe admitted any guilty connection with the crime. The evidence shows without question throughout the entire record, and it was the State's case, that Joe Miller and another party both fired upon Liston in his house and killed him for the purpose of robbery, and did commit robbery, and the next day one Joe Miller was arrested at Amarillo, and part of the money taken from Liston was found on his person and identified as the money that Liston

had in his possession. Under this record we are of opinion this testimony should have gone to the jury, and in that view of it appellant's counsel should have been permitted to make the statement in regard to this matter to the jury. In any event if the testimony was admissible it was error in rejecting it, and upon another trial if the defendant desires to make a statement this testimony will be permitted to be used by him. In this connection it was a closely contested issue, and one which involved the guilt or innocence of the defendant. The State claimed by his being with the parties, associating with them and riding with them in the car, and being near by the house at the time the parties left him in the car and went in and killed Liston, that, therefore, he was guilty as a principal. The theory was that by reason of these circumstances he not only had knowledge of what the parties were going to do, but was cooperating with them. The defendant's claim was that he was drunk and knew nothing of it; that he was requested to take a joy ride and had no idea of their purpose in doing anything criminal, his idea being that he was simply invited by them to take a joy ride and drink their beer and whisky. All of the evidence excludes the idea that appellant did anything further than as stated. He had no pistol and fired no shot, was not armed. If his theory is correct he was not punishable. If the State's theory was true, and the evidence sufficient to show that he had a guilty participacy in bringing about the homicide as a principal, he would be guilty. This much has been said in order to make the further observation that it has been the law in Texas since Dubose v. State, 10 Texas Crim. App., 230, that the accused may show by any legitimate evidence that he was not guilty, and that third parties were guilty. This applies to cases alike of positive and circumstantial evidence. One of the tests with reference to the admission of Joe Miller, alias Jo-Joe's statement would be that if Miller himself was on trial, his statement, or what the witness would have stated was his confession, would have been admissible against him as original testimony, without reference to the question of impeachment. We are of opinion that Miller's statement would have been admissible against him, and would have exonerated the defendant from any criminal connection with the homicide. These cases may be found collated in Mr. Branch's Crim. Law. Sec. 336. The rules seems to be that an accused is entitled to introduce evidence that another party or parties were in position to have committed the offense, and proof of confession, motive, threats, and other matters of that character are also admissible to show a reason why the others and not defendant committed the offense. Mr. Branch cites quite a number of cases in said section sustaining that proposition. It is also stated that before this character of testimony may be admissible there must be some pertinent evidence that such other person was in such proximity to the offense as would make it reasonably probable that he might have

been guilty of the same. That proposition is sustained by quite a number of adjudicated cases from the Court of Criminal Appeals found also collated by Mr. Branch. If the theory of defendant is that the crime was committed by other parties, and the testimony shows their presence when the crime was committed proof of their statements made out of court is admissible as original testimony for the accused. Harrison v. State, 47 Texas Crim. Rep., 393. It is a conceded fact that Jo-Joe alias Miller and another killed Liston. The question is whether or not the defendant participated in any way in that transaction as to make him a principal. The confession of Miller would have assumed the blame for the killing and exonerated the defendant. It is not always necessary that the statement of the party may be a direct confession. If the statements are of such nature as to show the declarant's guilty participancy in the crime, the accused may rely upon that to show that he did not commit the crime. We are of opinion that it was error on the part of the court to refuse the evidence.

The court charged the jury that if they should find beyond a reasonable doubt that appellant with his malice aforethought killed James Liston by shooting him with a pistol from the effect of which said shooting the said James Liston died, then they would find him guilty of the offense of murder. Objection was urged to this charge. There was no evidence that appellant fired any shot that killed Liston. The entire evidence excludes the idea that he did fire a shot, or was even armed. We think this charge was erroneous. Leslie v. State, 42 Texas Crim. Rep., 65; Oats v. State, 51 Texas Crim. Rep., 449. See those cases for a discussion of the question. We deem it unnecessary to go into an elaboration of this proposition as those cases discuss the matter very thoroughly.

The court also in his charge embodied the definition in the several statutes as to who were principals. This seems to cover practically every statute on the subject mentioned in the Penal Code. There was no application of the doctrine of principals by the court unless it be found in the following charge:

"If you find and believe from the evidence that the defendant, shortly prior to the commission of the offense as charged, had no knowledge that the offense as charged was to have been committed and that without such knowledge he was asked to go on a joy ride with the persons committing said offense or that he, the said Joe Walsh, was present at the commission of the said offense, or that he did not know the unlawful intent of the persons committing said offense. or that he did not aid by acts, or encourage by words or jestures those actually engaged in the commission of the offense, or that he was not actually present and kept watch so as to prevent the interruption of those engaged in the commission of the offense, or that he did not procure aid, arms, or means of any kind to assist in the commission of the offense while others were executing the unlawful

act, or that he did not agree to the commission of the offense and was present when the same was committed then you will find the defendant not guilty."

This seems to cover the entire domain of principals, and much of it not applicable to the case. Besides, as given, it was a charge upon the weight of the evidence, even omitting the question of reasonable doubt as to any or all of these propositions. Some of the statutes embodied by the court in his charge were not called for by the facts. The charge authorized a conviction when there were no facts to support the statements of the charge. If appellant was guilty at all from any standpoint of the evidence, taken in its strongest light, it was by reason of the fact he was with the parties, went to the place where the homicide was committed, and was out at the car or on the street near by when the homicide was committed. There is no evidence that he procured arms, or did anything except to go along with the parties at the time of their going to the place, and was present when the killing occurred, or near by. The theory of the State then under these facts would be limited to the fact that he had knowledge of or consented to this killing, and was present, and by his presence aided or encouraged the parties in doing what they did. Upon another trial the court will submit the theory of the State from the standpoint of the evidence, omitting all other phases of the statutory definition of principals except those which directly apply to the facts of the case.

For the reasons indicated the judgment will be reversed and the cause remanded.

*Reversed and remanded.*

OPINION ON REHEARING.

April 23, 1919.

MORROW, JUDGE.—We understand from the record that Joe Miller, alias Jo-Joe, and appellant were charged by separate indictment with murder of the same person. Miller was tried and convicted and the death penalty assessed against him. He was not executed but died in jail, and during his illness, while he. according to his statement, was in a dying condition, he stated to Mrs. Peel and Rev. Hawkins that he desired to make a confession before he died, that Joe Walsh was innocent of the crime; that Walsh was present when the crime was committed but had not previous knowledge of the intention to commit it, and took no part in it. Appellant sought, through the testimony of Mrs. Peel and Hawkins, to prove that the statements were made by Miller to them.

In a note in 131 Amer. State Reports, p. 778, it is said: "The general rule laid down by the courts is, that a confession or admission on the part of a third person that he committed the crime

which the defendant is charged with having committed is mere hearsay and not admissible in evidence in favor of the defendant where it does not constitute a part of the res gestae.'' Accompanying this statement is the citation of numerous authorities, including the case of Bowen v. State, 3 Texas Crim. App., 617; Holt v. State, 9 Texas Crim. App., 571; Horton v. State, 24 S. W. Rep., 28; Hodge v. State, 64 S. W. Rep., 242. From the syllabus in the Bowen case we quote. ''That a third person had voluntarily acknowledged that he committed the crime for which the accused was on trial was not competent evidence for the accused to elicit from persons who heard the acknowledgment. made.'' In Wharton's Crim. Ev., vol. 2, ·p. 476, it is said: ''Allowing proof of innocence by the self-assumed blame of one beyond the reach of the law would soon disorganize criminal procedure, and to admit declarations as affirmative proof of guilt of some one other than the declarant would be subversive of constitutional principles.''

It is settled that one accused of crime may show that another person committed the offense with which he is charged, where the guilt of such other person would be consistent with the innocence of the accused. But this proof must be by competent evidence. Dubose v. State, 10 Texas Crim. App., 230. In the case of Blocker v. State, 55 Texas Crim. Rep., 30, this court qualified the general rule excluding the admission of the third party as hearsay, and holding that in a case where the prosecution was supported by circumstantial evidence alone that in connection with circumstances tending to show that another and not the accused had motive and opportunity to commit the offense, the declaration of such third person that he had committed it should be received as one of the circumstance in favor of the accused on trial. The appellant in that case offered circumstances throwing suspicion upon one Aaron Massey,—in connection with his declaration that he killed the deceased The court said: ''We are of opinion this testimony was admissible under the circumstances stated. The motive was as strong on the part of Massey as on the part of appellant. It would be a self-evident proposition that if Aaron Massey killed the deceased, appellant not bing present or aiding in any manner in the homicide, that appellant would not be guilty, and as we understand the record, there is nothing in the record indicating that the appellant and Aaron Massey were acting together in the homicide, if either of them killed the deceased.'' The reasons controlling the court in Blocker's case, in·departing from the general rule with reference to the reception of declarations of third parties, do not obtain in the case, as we construe the record. Miller's admission that he killed the deceased in the instant case, if he had made said admission, would not have been inconsistent with the appellant's guilt. The appellant was admittedly present at the time the homicide took place, and the prosecution against him was upon the theory that he

acted with Miller and another companion as principal. The State, it is true, relied upon circumstances to establish the fact that he was a participant in the. homicide, though his presence was established by direct testimony. His presence being thus established, if Miller had made a specific declaration that he killed the deceased, it would not necessarily have exculpated the appellant. But as disclosed in the record, Miller made no such specific declaration, but the proof that was offered went to show that Miller had declared in the presence of the witnesses mentioned that appellant took no part in the killing of deceased. Similar testimony to that received in Blocker's case was held admissible in Pace v. State, 61 Texas Crim. Rep., 436, and we assume that it was received upon the same grounds, though the facts are not fully set out. Accepting the Blocker case as establishing an exception to the general rule of evidence, by virtue of which exception one accused of murder, and against whom there is circumstantial evidence only, may use as a rebutting circumstance the declaration of a third party that he killed the deceased, where the killing of the deceased by the third party would be inconsistent with the guilt of the accused on trial or consistent with his innocense, we do not think that the evidence offered in the instant case was within this rule. A phase of the law not arising in the Blocker case and not discussed in the Pace case, is presented in the fact that Miller had been indicted for the same offense with which the appellant was charged, and at the time he made the declaration which appellant offered to reproduce upon the trial, he was under sentence of death upon conviction of participation in the same homicide with which the accused was charged. Miller being charged by indictment with the same offense, was by virtue of the express provisions of article 791 of our C. C. P. not a competent witness for appellant and was disqualified further under article 788 by his conviction of a felony. If, therefore, appellant had offered him as a witness to prove that while he, appellant, was present at the time the homicide took place, that no part was taken in it by him, Miller's testimony would have been excluded on objection upon either or both of the grounds stated. If the contention of appellant on the phase of the case we are discussing is sound, it would illustrate what seems to the writer an anomalous condition of the rules of evidence in this State, because while under express statutes he could not put Miller on the witness stand and prove by him under oath any fact exculpating appellant, he could prove an exculpating declaration made by Miller, not under oath, and out of court, to a third party, by introducing the third party as a witness and making proof that Miller had made the statements to him.

I think the State's motion for rehearing should be overruled and the case reversed and remanded for another trial. I cannot see my way clear, however, to accede to the correctness of the view that the declarations of Miller would be admissible in evidence.

*Overruled.*

LATTIMORE, JUDGE.—I think the case should be reversed, and that the testimony of witnesses Peel and Hawkins as to what Miller said to them is inadmissible.

DAVIDSON, PRESIDING JUDGE.—I believe the testimony of the two witnesses as to statements of Miller should have gone to the jury, but do not care to write further on the subject. Blocker v. State, 55 Texas Crim. Rep., 30; Pace v. State, 61 Texas Crim. Rep., 436; See 131 Am. St. Rep., 786, and notes.