ED MCCOSLIN v. THE STATE.

No. 7929. *Decided December 5, 1923.*

**1.—Manufacturing Intoxicating Liquor—Sufficiency of the Evidence.**

Where, upon trial of unlawfully manufacturing intoxicating liquor, the evidence is sufficient to support the conviction, there is no reversible error.

**2.—Same—Evidence—Cross Examination—Redirect Examination.**

After cross-examination of the witness, and on redirect examination by the State, she was asked to whom she had first told the things testified to by her, and stated that it was to the county attorney, there was no reversible error. Distinguishing Dorman v. State, 146 S. W. Rep., 526.

**3.—Same—Evidence—Identification by Voice.**

Upon trial of manufacturing intoxicating liquor there was no error to permit a witness to testify that a short time before the arrest of appellant, two men in a car in which he saw what looked like a still passed him in the night and he heard them talk and saw them, and one of them was defendant's companion in manufacturing the liquor; but he would not swear to the voice of the other man, but that he took it to be defendant.

**4.—Same—Evidence—Finding Liquor.**

The finding of a quantity of whisky in the home of one charged with manufacturing it a few days after his arrest is admissible as a circumstance, tending to show such manufacture.

**5.—Same—Evidence—Finding Liquor.**

Notwithstanding the denial of defendant that he had any connection with said liquor, testimony of the fact was admissible of the finding of such liquor in the car in which defendant drove, and the circumstances attending thereon, under the facts of the instant cases.

**6.—Same—Evidence—Credibility of Witness.**

That a witness who has admitted that he had sworn two ways about a given matter and was asked which statement was true would seem of little moment, as also his statement that he did not know why he did not tell the truth the other time.

**7.—Same—Evidence—Similar Statement.**

A witness who admits on cross-examination that he has made a statement at some other time and place variant from that now made by him, may be sustained by proof that he made similar statements to those now given at other times and places. Following Romero v. State, 56 Texas Crim. Rep., 437.

**8.—Same—Evidence—Possession of Liquor.**

Testimony that appellant had in his possession a quantity of liquor two days from the date of the alleged manufacture was admissible.

**9.—Same—Evidence—Drinking Whisky.**

That the State was permitted to show by defendant, on cross-examination, that he was drinking whisky on a certain occasion was not objectionable.

**10.—Same—Evidence—Declarations of Co-Defendant.**

The declarations of the co-defendant, who acted with appellant in the alleged manufacture of whisky, after the latter's arrest, to the effect that he (co-defendant) made the liquor, were inadmissible. Following Campbell v. State, 62 Texas Crim. Rep., 561, and other cases.

Appeal from the District Court of Falls. Tried below before the Honorable Prentice Oltorf.

Appeal from a conviction of unlawfully manufacturing intoxicating liquor; penalty, one year imprisonment in the penitentiary.

The opinion states the case.

*Nat Llewellyn,* for appellant.—Corroborating witness, Long v. State, 124 S. W., Rep., 640; Dorman v. State, 141 id., 526.

*Tom Garrard* and *Grover C. Morris,* Assistants Attorney General, for the State.—On question of finding liquor in possession of defendant, Land v. State, 247 S. W. Rep., 554; Hanson v. State, 247 id., 852; Anderson v. State, 238 id., 221.

LATTIMORE, JUDGE.—Appellant was convicted in the District Court of Falls County of manufacturing intoxicating liquor, and his punishment fixed at one year in the penitentiary.

The facts seem amply sufficient to support the jury's conclusion of guilt and need not be set out at length. One Mrs. Burt was an important witness for the State. There had been one trial of the case resulting in a hung jury, at which she was not called as a witness. It appears from the qualification of appellant's bill of exceptions No. 1 that upon cross-examination of this witness by the defense it was shown that she became a witness after the former trial, and after he had moved away from the premises upon which the alleged manufacture of liquor took place. Also an effort appears to show that she had gotten mad with appellant and his brother prior to becoming such witness. On redirect examination by the State she was asked to whom she had first told the things testified by her and stated that it was to the county attorney. The objection to this was that she could not thus corroborate herself. The contention is not sound. The authorities cited do not seem to support it. Dorman v. State, 64 Tex. Crim. Rep., 104, 146 S. W. Rep., 526, reflects statements proven on direct examination before attack of any character upon the credibility of the witness. This clearly differentiates said case. The other authorities cited show proper rulings as to testimony which could be but hearsay. Proof of the mere fact that the first person to whom witness related her knowledge of pertinent testimony, was the county attorney, if objectionable at all, would not be so upon the ground that her testimony of such fact corroborated her.

A witness testified that a short time before the arrest of appellant two men in a car, the top of which was down, and in which he saw what looked like a still,—passed him in the night and he heard them talking and saw them; one of them was a man named Hubbard whose interest and activity in the manufacture of the liquor in question seems conceded; that he would not swear to the voice of the other man, having seen appellant but two or three times but that he thought

he knew his voice, and that he took the other man to be appellant. Mr. Branch cites many cases under Sec. 2483 of his Annotated P. C. as sustaining the proposition that merely because a witness can not be positive in matters of identification does not make his testimony inadmissible but goes only to its weight. The judgment of a witness who thinks himself able to identify one by hearing his voice should not to be admitted unless familiarity therewith to some extent is shown and such testimony would be of greater or less weight dependent upon the extent of such familiarity.

The finding of a quantity of whisky in the home of one charged with manufacturing liquor, a few days after his arrest, would be admissible as a circumstance tending to show such manufacture.

The place where it was claimed that whisky was being manufactured was in the garage of an elderly man named Leuschner. Mrs. Leuschner testified that the still was in said garage and that she saw appellant around there and told him he must make Hubbard move it, and appellant told her they would move it. Further this witness testified, "When I got after Ed (appellant) about it he said he was going to move it." She also stated that she saw appellant and Hubbard start to Marlin in her husband's car on the occasion of the arrest of appellant. Complaint is made that the State was permitted to prove that in said car when same was searched at Marlin on the occasion of appellant's arrest, was found a suit case containing four quarts of whisky and a sack of corks. Hubbard evaded arrest at said time, and it is shown that appellant denied any connection with said liquor. Notwithstanding such denial and proof of the fact that appellant did not have the key of said car, the fact of the finding of such liquor in the car and the circumstances attendant thereon, were admissible for what weight the jury might give same as showing the guilt of appellant either alone or in connection with Hubbard. The record is replete with testimony of things done and said by appellant in connection with Hubbard which were proper circumstances to be considered by the jury.

That a witness who has admitted that he had sworn two ways about a given matter, was asked which statement was true, would seem of little moment; so also would his statement that he did not know why he did not tell the truth the other time. We think neither statement, though made over objection of appellant, would present any serious error.

A witness who admits on cross-examination that he has made a statement at some other time and place variant from that now made by him, may be sustained by proof that he made similar statements to those now given, at other times and places. Romero v. State, 56 Texas Crim. Rep., 437.

It is complained that the State was allowed to prove appellant in possession of liquor two days from the date of the alleged manu-

facture. We think this provable as a circumstance against one charged with the unlawful manufacture of such liquor.

A witness for the appellant was used to prove that on a certain occasion when he had been with appellant under what the State thought were suspicious circumstances, he got no liquor from appellant. That the State was permitted to show by him on cross-examination that he was drinking whisky on said occasion would not seem objectionable.

Statements made by Hubbard, who is claimed by the State to have acted with appellant. in the alleged manufacture of whisky, offered by the defense and which were made after the arrest of appellant in this case,—the purport of said statements being that Hubbard himself made the liquor and that appellant was not connected therewith, were not provable on behalf of appellant. Campbell v. State, 62 Texas Crim. Rep., 561; Walsh v. State, 85 Texas Crim. Rep., 208; Staton v. State, 93 Texas Crim. Rep., 356; 248 S. W. Rep., 356; Sanchez v. State, 85 Texas Crim. Rep., 526; Nothaf v. State, 91 Texas Crim. Rep., 381.

We have examined each of the other contentions made on behalf of appellant and find nothing in them calling for a discussion.

No error appearing in the record, an affirmance will be ordered.

*Affirmed.*