# DECEMBER 7, 1938

LEV BAUGH v. THE STATE.

No. 19989.   Delivered December 7, 1938.

The opinion states the case.

*J. C. Darroch* and *E. M. Davis,* both of Brownwood, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—Conviction is for theft of money over the value of $50.00. Punishment is assessed at confinement in the State Penitentiary for a term of two years.

Appellant, Frank Williams and Monroe Steward were jointly indicted for theft of money over $50.00 from Dock Wyres. A severance was granted Williams. Appellant and Steward were jointly tried and convicted. A new trial was granted as to Steward but overruled as to appellant, to which action of the trial court appellant excepted and gave notice of appeal to this Court.

It appears from the State's testimony that on the morning of the alleged offense, appellant, Steward and Wyres met at Williams' place. There they engaged in drinking whisky and playing a nickel victrola. During these activities, they matched to see who should play the victrola. Wyres took a dollar bill from his pocketbook to get it changed. Suddenly appellant grabbed it and hurriedly walked away. Appellant's theory was that he, Williams and Wyres were engaged in throwing dice to see who should play the victrola and that he and Wyres bet from five to twenty dollars on each throw of the dice as a side bet. During a period of from thirty to forty minutes he won $96.00 from Wyres. That a controversy arose between him and Wyres, resulting in a fight, after which he (the appellant) left and walked over to a filling station. Wyres undertook to follow him, but that he picked up part of a fence post and ran Wyres back into the house. That he later caught a bus to San Angelo where he was subsequently arrested.

It is obvious that the testimony raised an issue as to whether Baugh took the money from Wyres without his consent or won it in a game of chance. This issue the jury decided adversely to him and we think the State's testimony is sufficient to sustain the jury's conclusion of appellant's guilt.

By bill of exception number one, appellant complains because Wyres was permitted to testify that after the money had been taken from his person he recovered his senses and found himself alone in his automobile, some four or five miles south of Brownwood in a place he had never been. That the first thing he did was to look for his bill fold. That he examined it and found that it contained only one $5.00 bill. Appellant objected to this testimony because the same occurred out of his presence and hearing. That neither of them (referring to himself and Steward) were shown to have had anything to do with the presence of the witness at said place and time. That the alleged offense had been completed many hours prior thereto.

The court states in his qualification to the bill that it was the State's theory that appellant, Steward, Baugh and Williams acted together in the commission of the offense under a previously formed design. That after Baugh had grabbed the money and departed with it, Steward soon followed him. That soon thereafter Williams was seen leaving with the injured party in appellant's car with Williams doing the driving and Wyres, apparently unconscious, seated on his right.

We think the testimony was admissible under the State's theory. Wyres was, according to the State's theory, taken by Williams to the place where he recovered consciousness within twenty or thirty minutes after the commission of the alleged offense. By leaving him on this lonely road, the conspirators apparently hoped to raise an issue as to whether they took his money or whether some one else had done so.

The ground upon which appellant objected was that if a conspiracy had existed among these parties it had terminated; and a statement, act or declaration of one of the conspirators after the termination of the conspiracy was not admissible against him. In this case, however, the conspiracy had not ended for the reason that a conspiracy includes everything within the contemplation of the conspirators, such as the division of the spoils or any other matters subsequent to, but included within its plan and scope. In short, a conspiracy is not terminated until everything has been done that was contemplated to be done by the conspirators. See O'Neal v. State, 14 Texas Crim. Rep. 582; Serrato v. State, 74 Texas Crim. Rep.

413; Miller v. State, 88 Texas Crim. Rep. 157; Branch's Annotated P. C., Section 694, p. 352, and authorities cited.

In the instant case, it is apparent that the loot had not been divided. Appellant left as soon as he obtained the money; Steward followed in a few minutes and Williams a short time thereafter took the victim away in his car. No opportunity had presented itself, at the time the injured party was left on the lonely road, for a division of the spoils. Hence, the conspiracy, if any existed, could not have been finally ended.

Bill of exception number two reflects the following occurrence. Appellant placed J. C. Warnock upon the witness stand and proved by him the following fact: "I had occasion to meet Dick Wyres at Frank Williams' place sometime in the early part of December, 1937. At that time, I heard a conversation between them. Wyres said that if Williams would give him $20 he would not appear against him."

Thereupon appellant's counsel asked the witness: "What did Williams say in reply thereto?" To which question the district attorney objected and the court sustained the objection and appellant excepted. The bill further states that if the witness had been permitted to answer the question, he would have testified that Williams told Wyres that he did not have $20 and did not feel that he owed him $20 and could not pay him any part of the money which he, Wyres, had lost "fair and square" in game of chance.

It is our opinion that this was an effort on the part of appellant to get before the jury in an indirect way an alleged statement by a codefendant who could not have testified to the facts, because he was jointly indicted for the same offense. It was an attempt on his part to bolster up his contention that Wyres had lost his money to him in a game of dice, which fact he could not have proved by Williams, his codefendant. Consesuently, we overrule his contention in this respect. See Article 711, C. C. P., which reads as follows: "*Persons charged as principals, accomplices or accessories, whether in the same or different indictments, can not be introduced as witnesses for one another, but they may* claim a severance; and, if any one or more be acquitted, or the prosecution against them be dismissed, they may testify in behalf of the others."

See, also, Ryan v. State, 64 Texas Crim. Rep. 628; Walsh v. State, 85 Texas Crim. Rep. 208, 211 S. W. 241; Patterson v. State, 89 Texas Crim. Rep. 402, 231 S. W. 763; Howard v. State, 79 Texas Crim. Rep. 267, 184 S. W. 505.

By bill of exception number three, appellant complains because the court declined to permit him to prove that the injured party, Dock Wyres, had the general reputation of being a poker player of considerable merit. We fail to see the relevancy of this testimony. No contention was made by appellant that he won the money in a poker game. His sole contention was that he won $96.00 from Wyres in a dice game. Wyres admitted that they played dice to see who would play the victrola and that he occasionally engaged in a game of poker. Even if it should be conceded that the excluded testimony was relevant, we fail to see how he was injured in view of Wyres' testimony.

By bill number five, appellant complains because the State was permitted to prove by R. L. Daniels that within a very short time after Baugh, the appellant and Steward had left Williams' place, he saw Williams in a car with Wyres leaving the premises in an automobile with Williams doing the driving. Appellant objected on the ground that such transaction took place out of his presence and hearing; that it was a transaction with which he had no connection. In view of the State's theory that the parties, including Williams, were engaged in a conspiracy which included leaving the victim in a lonely spot some four or five miles from town, we think the testimony is admissible. The same question which is here presented is discussed above under bill number one and for the reasons there stated, we overrule his contention.

Bill of exception number six reflects the following occurrence. While the injured party was on the stand testifying as to the manner of the alleged theft, the district attorney asked him the following question:

"Q. State if he [Baugh] jerked it [referring to the purse] so quickly that you did not have time to prevent it? [Parentheses ours.] A. Yes, sir. Q. State whether or not he jerked it out of your hand so quickly you did not have time to resist? A. Yes, he jerked it out like this [indicating] and when he did I hit him."

To which appellant objected on the ground that the questions were leading and suggestive of the answers desired on the vital and essential element of the offense. The objection was overruled and the appellant excepted. The bill is insufficient because it fails to negative any exception under which the asking of leading questions would be permissible. In the absence of such a showing, the presumption obtains that the court ruled correctly. See Carter v. State, 59 Texas Crim. Rep. 73; Green

v. State, 147 S. W. 595; Henderson v. State, 5 Texas Crim. Rep. 138.

We are, however, of the opinion that the questions are not of such prejudicial nature as would require a reversal in view of the fact that the witness theretofore testified as follows: "I took that purse out to pay for a drink. Lev Baugh, who was standing beside me, jerked it out of my hand and went outside. I started to follow him and he picked up a stick or something and not having anything to defend myself, I walked away."

This testimony, in substance, is similar to the answers given by the witness in reply to the allegedly leading questions.

Moreover, it is not every leading question which presents reversible error. Unless such questions are hurtful and highly prejudicial to the rights of the defendant, there will ordinarily not be a reversal by this Court. See Branch's Ann. P. C., Section 157, p. 90.

Under the facts here disclosed, we do not believe the rights of the defendant were prejudiced by the questions objected to.

Appellant has urged a great number of objections to the court's main charge and requested a number of special charges. We have carefully examined the charge in the light of his objections and have reached the conclusion that the same, together with the special requested charges which were given, fairly and adequately applied the law to every phase of the case as made by the testimony.

Finding no error in the record, the judgment is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.