## W. R. HATFIELD v. STATE

No. 27,264. January 12, 1955
Rehearing Denied March 16, 1955

Second Motion for Rehearing Denied
(Without Written Opinion) April 13, 1955

*Truman Power,* Ft. Worth, and *A. J. Piranio,* Dallas, for appellant.

*Howard M. Fender,* Criminal District Attorney, *Grady Owen, Jerry Murad,* and *Conard Florence,* Assistants Criminal District Attorney, Ft. Worth, and *Wesley Dice,* State's Attorney, Austin, for the state.

DAVIDSON, Judge.

The primary offense charged was that of robbery by assault of Jess W. Theobald. The indictment also alleged that appellant had been twice theretofore convicted of felonies less than capital.

In so far as the prior convictions were concerned, the in-

dictment followed that approved in Hall v. State, 158 Texas Cr. R. 243, 254 S.W. 2d 523. Appellant's attack thereon that the prior convictions were not sufficiently alleged as being prior both in point of time of the commission of the offense charged and of the conviction is not well taken.

The alleged injured party was an employee of a liquor store. He testified that about 8 or 8:30 o'clock on the night of July 3, 1953, a man came into his place of business and, while exhibiting a pistol, robbed him of $147. The robber escaped in an automobile which was waiting outside and driven by another man. The injured party fired two shots at the fleeing car.

Upon direct examination, the witness was positive in his identification of the appellant as the robber. Upon cross-examination, however, he wavered somewhat in his identification. His testimony is sufficient, though, to warrant the jury's conclusion of guilt.

The appellant did not testify.

Soon after the robbery, notice thereof, with description including the license numbers of the car in which the offenders had fled, was broadcast by radio to the officers.

Upon this information, Officers Hackney and Bridges apprehended a car in which appellant and one Hilburn were riding and of which appellant was the driver.

A search of the automobile revealed a shotgun, a pistol, and some shells. Money consisting of $34 in currency and approximately $9 in coins was taken from Hilburn's person.

The shotgun, pistol, shells, and the currency were offered in evidence by the state, over appellant's objection that they had been obtained by an illegal and unwarranted search of the automobile.

Several reasons exist why error is not reflected: In the first instance, the facts were sufficient to warrant the arrest without warrant. Art. 215, Vernon's C.C.P.; Carrizales v. State, 152 Texas Cr. R. 499, 215 S.W. 2d 342. Second: None of the property found was identified as that having been used in the robbery. The materiality of the evidence was not such as would constitute reversible error. Third: Appellant was not in posi-

tion to complain of the search of Hilburn's person. That was a right resting only in Hilburn.

The jury returned into court their verdict, reading as follows:

" 'We, the jury, find the defendant guilty and assess his punishment *as* life in the penitentiary'."

The trial judge thereupon inserted in the verdict immediately after the words, " 'We, the jury, find the defendant guilty'," the following words: " 'as charged in the indictment'," thereby making the verdict of the jury read as follows:

"We, the Jury, find the defendant guilty as charged in the indictment and assess his punishment at *Life* imprisonment in the penitentiary."

After the insertion in the verdict had been made and before the trial court had received the verdict, each juror was polled as to whether that was his verdict. Upon receiving an affirmative reply from each of the jurors, the verdict was received by the trial court and ordered filed.

By Bill of Exception #3, it is shown that appellant objected and excepted to the action of the trial court in making the insertion in the verdict as he did, insisting that such action on the part of the trial court invaded the province of the jury. Appellant's contention is without merit. See Reese v. State, 142 Texas Cr. R. 254, 151 S.W. 2d 828.

The judgment which was entered on the verdict adjudged appellant to be "guilty of the offense of Robbery and of having been twice theretofore convicted of felonies less than capital, as charged in the Indictment."

Appellant insists that such an adjudication was not warranted by the verdict, in that the jury did not find that he had been convicted of the prior felonies. Appellant's complaint is without merit for two reasons: If the verdict should be construed as finding him guilty only of the primary offense of robbery, it is perfectly valid, because the punishment assessed was authorized for that offense. On the other hand, the finding by the jury that appellant was guilty as charged in the indictment was sufficient to authorize the conclusion by the trial court that appellant was guilty as an habitual criminal, under the prior-conviction allegations.

Complaint is made of the overruling of a motion for continuance because of the absence of the witness Cody Rodgers. The materiality of the testimony of this witness is not shown.

Appellant complains of the overruling of his motion for a severance and to place his alleged co-indictee Hilburn upon trial first. If we understand this record correctly, Hilburn's motion for severance and to place appellant upon trial first had been granted by the trial court on December 16, 1953, while appellant's application was not filed until the following day, on December 17, 1953.

When the court granted Hilburn's motion for severance, he thereby fixed the order of trial. Moreover, if the two applications for severance be treated together and as a motion by each party for a severance, then the trial court was authorized to direct which of the two would be put to trial first. Millner v. State, 75 Texas Cr. 22, 169 S.W. 899; Howard v. State, 79 Texas Cr. R. 267, 184 S.W. 505; Alford v. State, 143 Texas Cr. R. 57, 157 S.W. 2d 391.

The matters we have discussed are those presented by appellant in his brief.

Reversible error not appearing, the judgment is affirmed.

ON APPELLANT'S MOTION FOR REHEARING

WOODLEY, Judge.

The trial court, in his charge, instructed the jury that if they found that appellant by means of an assault and by violence robbed Theobald of his money "you will find the defendant guilty as charged in the indictment and assess his punishment at confinement in the penitentiary for life or for any term of time not less than five years."

Later in the charge the jury was instructed to the effect that if they found appellant had been previously convicted of the offense of burglary in Dallas County and the offense of burglary in Tarrant County, in the cases described in the indictment, and had found appellant guilty of robbery "you will find the Defendant guilty as charged and assess his punishment at imprisonment for life in the penitentiary."

The verdict reached by the jury read "We, the jury, find

the defendant guilty and assess his punishment at life imprisonment in the penitentiary." It was amended by the trial court so as to add, after "guilty," the words "as charged in the indictment."

If the jury, having agreed that appellant was guilty of the primary offense of robbery, saw fit to assess his punishment at confinement in the penitentiary for life it was not necessary that they make any finding as to the prior convictions alleged for enhancement of punishment purposes.

Unless the verdict as returned by the jury, construed in the light of the indictment and the court's charge, includes a finding that appellant has been previously convicted as charged the verdict assessing a life term is a conviction for the primary offense alone.

The trial court did not err in correcting the form of the verdict, so long as the verdict remained the finding of the jury. He could not, by addition to the verdict, supply a finding that the jury had not made. Moore v. State, 154 Texas Cr. Rep. 307, 227 S.W. 2d 219.

There was nothing in the verdict which the jury returned to show that the jury had not assessed a life term for the primary offense alone, as authorized by the court's charge, and the court was without authority to include another finding.

Under the verdict, the trial court was not warranted in including in the judgment a finding that appellant was convicted of robbery "and of having been twice theretofore convicted of felonies less than capital" and in failing to apply the indeterminate sentence law in the sentence.

The judgment and sentence will be reformed so as to adjudge appellant to be guilty of robbery and to sentence him to a term of not less than 5 years nor more than life.

As reformed, the judgment is affirmed and appellant's motion for rehearing is overruled.