## MAJOR COOK, JR. V. STATE

No. 28,332. May 23, 1956.

*Theo Ash,* Abilene, for appellant.

*Leon Douglas,* State's Attorney, Austin, for the state.

DAVIDSON, Judge.

This is a conviction for the unlawful transportation of whisky in a dry area, with punishment assessed at a fine of $250.

Around 9:30 o'clock at night, a policeman of the city of Abilene saw appellant, at the beck and call of Henry Penns, drive his automobile to the street curb in front of a hotel, get out and, with a package under his arm, walk rapidly toward the hotel entrance. The officer called to appellant to stop, whereupon the latter started running to the door of the hotel. Upon reaching it, he threw the package to Penns, who fled with it up the stairs. The policeman pursued and overtook Penns and, from him, took the package, which contained six one-half pints of whisky.

Appellant objected to the testimony showing that the package contained whisky, as also to the introduction in evidence of the whisky, which he insisted was obtained as a result of his illegal arrest.

The action in overruling the objection presents the sole question for review.

Under the facts stated, appellant was never arrested or placed under arrest until after the whisky had been taken by the officer. All the officer did toward arresting appellant before such time was to call him to stop—which appellant did not do. The package which he had in his possession was in full view of the officer. It took no arrest or search for him to be in position to identify the package taken from Penns as the same package he saw in appellant's possession.

If any person was arrested, it was Penns. Appellant cannot complain of an arrest of Penns. Such was only Penns' right and privilege. Hatfield v. State, 161 Tex. Cr. R. 362, 276 S.W. 2d 829.

The testimony was not subject to the objection urged.

The judgment is affirmed.