**Jan CLAWSON, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 41935.**

Court of Criminal Appeals of Texas.

April 2, 1969.

Rehearing Denied May 28, 1969.

Gillespie & McClendon, by William J. Gillespie, Lubbock, for appellant.

Thomas J. Purdom, County Atty., Harold P. Brown, Jr., Asst. County Atty., Lubbock, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

DOUGLAS, Judge.

The offense is driving while intoxicated. The punishment: a fine of $200 and a twenty day jail term probated for a period of one year.

The trial was before the court without a jury.

Complaint is made that it was not proved that appellant was intoxicated. Officer J. R. Ashmore, (the only witness called on the question of guilt), testified that at about 1:30 a. m., he met an automobile with its lights blinking on and off. He turned and followed the automobile which attained a speed of 70 miles an hour. It weaved and almost hit another automobile head-on. When the automobile was finally stopped, it was determined that appellant was the driver. Appellant's speech was slurred, and he had a strong odor of alcohol on his breath. Appellant had a difficult time getting his license out of his wallet. He used profanity and said he had been drinking but was not drunk. He refused to get out of the automobile and was pulled out of the car by officers. Appellant could not or would not stand up, and officers had to wrestle him into the paddy wagon. Ashmore testified that he was of the opinion that appellant was definitey drunk.

On cross-examination of Ashmore, the following transpired:

"Q. (Mr. Gillespie, appellant's counsel) You have testified that in your opinion that the Defendant was drunk, just how drunk was he, Officer, in your opinion?

"A. Well, he was very drunk.

"Q. Very drunk?

"A. Yes, sir.

"Q. All right. He was very drunk. Now, Officer, a very drunk man by all tests that you might give a man in walking and so forth, has lost control of his mental and bodily faculties, hasn't he?

"A. Yeah, at one stage, yes.

"Q. At one stage. Had he lost control of his mental and bodily faculties?

"A. No, sir."

Appellant moved to strike this testimony, because the grounds of intoxication had not been given. In his brief he contends that this statement shows he was not intoxicated. If this conclusion of the witness can be construed as being contradictory to his other statements, it does not destroy the other testimony. 24 Tex.Jur.2d 395, Sec. 725; Wright v. State, Tex.Cr.App., 437 S. W.2d 566 (delivered February 19, 1969); McDonald v. State, Tex.Cr.App., 393 S.W. 2d 914, and Randolph v. State, 163 Tex.Cr. R. 156, 289 S.W.2d 772. In Dunham v.

State, 148 Tex.Cr.R. 329, 186 S.W.2d 820, this court held that a judge in a trial before the court was not required to accept the testimony of any particular witness in toto, that he could accept any part and reject any part.

■ There was sufficient evidence for the court to conclude that appellant was intoxicated.

■ The sufficiency of the evidence to identify appellant is challenged. Officer Ashmore testified that the first time he saw Clawson was the date he filed a driving while intoxicated charge against him. The record shows the following:

"Q. All right. Is Mr. Clawson in this courtroom?

"A. Yes, sir, he is.

"Q. Would you point him out to me, please?

"A. (Witness indicating)

"Q. Let the record show that Officer Ashmore identified the Defendant seated behind his attorney. Was this in Lubbock County and the State of Texas?

"A. Yes, sir."

The trial court then permitted voir dire examination. Ashmore then testified that he had not known appellant before but had seen him once or twice after the arrest; that it was doubtful that he would have known him on the street. He was asked, "The only reason you know who he is is because he is sitting here behind me, isn't it?" He answered, "Yes, sir, honestly, that's right." On redirect examination he was asked, "This is Mr. Clawson?", and he answered, "Yes, sir." The testimony was sufficient to warrant the judge's conclusion as to his identity and guilt. Hatfield v. State, 161 Tex.Cr.R. 362, 276 S.W. 2d 829.

The judgment is affirmed.