**Douglas HENDERSON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 45418.**

Court of Criminal Appeals of Texas.

Nov. 29, 1972.

Ronald H. Bartlett, Houston (Court Appointed), for appellant.

Carol S. Vance, Dist. Atty., and James C. Brough, Asst. Dist. Atty., Houston, and Jim D. Vollers, State's Atty., Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

DAVIS, Commissioner.

This is an appeal from a conviction of robbery by assault. After the jury returned a verdict of guilty, punishment was assessed by the court at thirty years.

Appellant contends that the evidence is insufficient to support the conviction.

Mohammad Nabulsy, co-owner of Fulton Super Service, a grocery store located at 5109 Fulton Street, Houston, testified that at about 8 P.M., on April 28, 1970, he was checking the money in the office after closing the register, when he happened to look up and see appellant. According to Nabulsy, appellant held a gun on him and said, "Give me the money," and then appellant "reached the money and took it." After the money was taken from the table, the robber "pulled the hammer back" and said, "I will shoot if you don't open the safe." Nabulsy told the robber that there was no money in the safe; whereupon, he (the robber) told Nabulsy to "sit down and don't move" and left. Nabulsy made a positive in-court identification of appellant as the

man who robbed him. Appellant urges that Nabulsy contradicted himself several times during his testimony regarding the description of the robber. On one occasion he described the robber as having red hair, while on another occasion, he testified that he had blondish-brown hair. It is also pointed out that he (Nabulsy) reported to the officer after the robbery that the weapon used in the holdup was a ".22 caliber Saturday Night Special," while he (Nabulsy) identified a ".38 caliber Special" as being like the gun used in the robbery. Appellant further urges that Nabulsy did not remember what kind of clothing the robber had on, the color of his eyes, or other physical characteristics.

In Hatfield v. State, 161 Tex.Cr.R. 362, 276 S.W.2d 829, it was said, "Upon direct examination, the witness was positive in his identification of the appellant as the robber. Upon cross-examination, however, he wavered somewhat in his identification. His testimony is sufficient, though, to warrant the jury's conclusion of guilt." See Clawson v. State, Tex.Cr.App., 440 S.W.2d 638.

■ We deem the evidence sufficient to support the conviction.

Appellant contends that the court erred in admitting into evidence a .38 caliber pistol found in the purse of an occupant of the vehicle in which appellant was arrested.

The record reflects the following occurred when the pistol was offered into evidence:

"Mr. Woods (prosecutor): Your honor, at this time the State would offer this weapon into evidence.

"Mr. Geise (appellant's Counsel): I have no objections, Your Honor."

■ No objection having been made in the trial court to the introduction of the pistol, nothing is presented for review. Witt v. State, Tex.Cr.App., 475 S.W.2d 259; Satillan v. State, Tex.Cr.App., 470 S.W.2d

677; Garcia v. State, Tex.Cr.App., 428 S.W.2d 334.

The judgment is affirmed.

Opinion approved by the Court.

ODOM, J., not participating.